THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* CLARKSON RYTTENBERG, Appellant.

Court of Special Sessions, City of New York, Appellate Part, First Department, March 6, 1935.

*William F. Breidenbach,* for the appellant.

*William C. Dodge, District Attorney* [*Irving J. Tell* of counsel], for the respondent.

PER CURIAM. The appellant has been convicted of driving his automobile at an illegal rate of speed as a second offender in violation of subdivision 1 of section 17 of chapter 24 of article 2 of the Code of Ordinances and was fined fifty dollars. From this judgment this appeal is taken.

The return shows that the appellant pleaded not guilty to the charge and that no proper trial was had upon this plea. After the complaining witness was sworn but before he gave any testimony the following colloquy took place between the magistrate and the appellant: " The Court: How fast were you going? Mr. Ryttenberg: About 30. The Court: That is a plea of guilty, on Riverside Drive the maximum is twenty. Pleads guilty to going 30 miles an hour. Do you admit the previous conviction of speeding on Riverside Drive, 192nd to Staff St., and given a suspended sentence by Magistrate Brodsky? Mr. Ryttenberg: Yes."

These admissions drawn from the appellant after the trial of the issues had begun cannot be construed as a withdrawal of the original plea of not guilty and the interposition of a plea of guilty. Such a change of plea must come from the defendant himself and not the court. The defendant having been denied the right of proper trial on his original plea the judgment must be reversed and a new trial ordered.

Judgment reversed on the law, facts not examined and a new trial ordered in the Magistrates' Court.

Present, KERNOCHAN, P. J., DALE and SALOMON, JJ.