CARTER *v.* THE STATE.

No. 16299.   September 7, 1948.

*McDonald & McDonald,* for plaintiff in error.

*Eugene Cook, Attorney-General, Harvey L. Jay, Solicitor-General,* and *Dan Winn,* contra.

DUCKWORTH, Presiding Justice. (After stating the foregoing facts.) It. is quite apparent that an attempt was made in the trial court to obtain a verdict of guilty and submit to the jury the question of recommending mercy. Numerous cases have reached this court where it was quite evident that the attorneys and trial judge were uncertain as to the law on the question of procedure when it was sought to thus handle a capital case. It is provided in the Code, § 26-1005, that the punishment for murder shall be death but may be confinement in the penitentiary for life if the jury trying the case shall so recommend, or if the conviction is founded solely on circumstantial evidence the

presiding judge may sentence to life imprisonment, and that in the former case it is not discretionary with the judge and in the latter it is. It is thus seen that the law makes no provision, where conviction rests upon direct evidence, for punishment other than death unless the jury trying the case shall recommend mercy. Manifestly where the case is not tried by a jury or the judge sitting as a jury, the law makes no provision for punishment by life imprisonment. Therefore, since a plea of guilty stands upon the same footing as a conviction by a jury (*Ford* v. *State*, 162 *Ga.* 422, 134 S. E. 95; *Jackson* v. *Lowry*, 171 *Ga.* 349, 155 S. E. 466; *Cummings* v. *Perry*, 194 *Ga.* 424, 21 S. E. 2d, 847; *Mathis* v. *Scott*, 199 *Ga.* 743, 35 S. E. 2d, 285), it carries with it the same punishment that a jury verdict of guilty without recommendation would carry. Consequently, when a plea of guilty is entered, there is no lawful way by which the case can be submitted to a jury solely on the question of recommendation of life imprisonment. No doubt the General Assembly, if the matter were called to their attention, would amend the statute by authorizing punishment by life imprisonment upon recommendation of a jury in cases where a plea of guilty has been entered, but until the law is thus amended courts are without power to give a case such direction.

There is no question presented to this court as to the sufficiency of the evidence to authorize conviction of the accused. The general grounds of the motion are not argued, and counsel for the movant concede that the evidence is sufficient, but we are called upon to render a decision upon the law. The defendant in this case entered a plea of not guilty. That plea was never formally withdrawn. The accused entered upon the trial of the case with the presumption of innocence in his favor. This presumption challenged the truth and credibility of all the evidence offered against him, and such presumption can be overcome only by a verdict of the jury finding that sufficient evidence has been introduced to overcome the same. State *v.* Goodwin, 227 N. C. 449 (42 S. E. 2d, 617). It was held in Pruitt *v.* State, 37 Ariz. 400 (294 Pac. 629), that where a plea of not guilty had been entered and not formally withdrawn, the trial court could not under any circumstances direct a verdict of guilty, and that where the defendant admits his guilt during the trial the proper

procedure is to ask permission to withdraw the plea of not guilty and plead guilty, requiring that the jury be discharged. It was held in People v. Ryttenberg, 154 Misc. 734 (278 N. Y. Supp. 31), that after the trial of the issue begins, admissions drawn from the defendant can not be construed as a withdrawal of the plea of not guilty and the interposition of a plea of guilty, since such change must come from the defendant himself and not from the court. In the present case, the defendant's statement upon the trial was not a forthright plea of guilty, but rather a statement that in view of the evidence against him there was nothing for him to do but plead guilty. This statement was made as a part of the evidence and not as a part of the pleadings making an issue for trial.

We have been unable to find that any case involving the identical circumstances here found has ever been brought before the Supreme Court. In *Manchester* v. *State*, 171 *Ga.* 121 (155 S. E. 11), the facts were similar in many material respects. There, instead of entering a formal plea of not guilty, counsel for the accused stated that the accused would stand mute and at some time during the trial would confess his guilt and ask for a recommendation of mercy. The defendant's statement in substance admitted his guilt and asked the jury for mercy. The court charged the jury on the law of murder, and the exception was to this portion of the charge, upon the ground that it prejudiced the chances of the accused to obtain a recommendation of mercy and was unauthorized in view of his admission of guilt in his statement before the jury. This court rejected the contention and in the opinion asserted that there can be no such thing as a plea of guilty with a recommendation that the prisoner be punished by life imprisonment; that the judge can under the law impose a sentence of life imprisonment, in the absence of a jury's recommendation, only in cases where the conviction depends solely upon circumstantial evidence; and that in cases where the plea of guilty is entered, unless the judge could take cognizance of the evidence being circumstantial, a sentence of life imprisonment could not lawfully be imposed. Speaking with reference to the statement of counsel that at the proper time the defendant would make a confession, the court, at page 130, said: "This plea of not guilty made necessary a full compliance with the principles

and rules of law governing criminal trials, since no consent verdict was agreed to, before a verdict of guilty would have been authorized; and it would have been extremely unfair to the State, as well as to the accused, not to have given an instruction that the jury had the right to pass upon the entire case as laid before it, and make the verdict it saw fit." There the plea of not guilty was made by the clerk pursuant to the Code, § 27-1405, when the accused stood mute. Here the plea of not guilty was formally entered by counsel for the accused. There it was said, as quoted above, that "it would have been extremely unfair to the State, as well as to the accused, not to have given an instruction that the jury had the right to pass upon the entire case as laid before it, and make the verdict it saw fit." On application of that ruling to the facts in the present case, it was unfair to the State and the accused for the court to fail to instruct the jury to pass upon the entire case as presented by the evidence and the statement of the accused and to make the verdict as it saw fit. Obviously, therefore, it was unfair to direct the jury in the present case to return a verdict of guilty. We think that it is the law, and hence it can be correctly asserted now for the clear guidance of the trial court, that there is simply no power vested in the trial judge to direct a verdict of guilty in a criminal case; and that under the law, in the absence of a plea of guilty in the manner prescribed by the law, one charged with murder can be lawfully sentenced only after a unanimous verdict of the jury finding him guilty has been returned into court. To one not acquainted with the vital importance of strict adherence to the law in the trial of one charged with crime it might seem strange that, where as here the evidence produced by the State and the defendant's statement upon the trial all point directly to his guilt, a reversal should be had because the judge, instead of the jury, dictated the verdict. But an appreciation of the importance which our law attaches to jury trials and the protection such jury trials afford to life and liberty at once emphasize the necessity of strict adherence to and rigid enforcement of that law. In the present case the accused has been sentenced to death, and the law can regard neither time nor expense in making certain that his conviction is lawful and accords with all the require-

ments of the law, and that if he be executed such execution be a lawful one.

*Judgment reversed. All the Justices concur, except Candler, J., who dissents, and Bell, J., absent on account of illness.*