### 19108.  HORNE *v*. THE STATE.

Argued September 14, 1955—Decided October 10, 1955.

*J. Roy Rowland, Joe W. Rowland*, for plaintiff in error.
*W. W. Larsen, Solicitor-General, Eugene Cook, Attorney-General, Rubye G. Jackson*, contra.

ALMAND, Justice.   The bill of exceptions assigns error on the order of the court dismissing a motion for new trial.   The facts as shown by the record are: Wilbur Horne was indicted on April 23, 1955, for the offense of robbery by open force.   On May 30, Horne, upon being formally arraigned, entered a plea of guilty. Without any evidence being introduced, the jury, on instructions of the court, entered the following verdict: "We, the jury, find the defendant guilty, and recommend mercy of the court."   The court thereupon sentenced the defendant to the penitentiary for life.   The defendant filed a motion for new trial upon the general grounds, and thereafter sought to amend the motion by adding several special grounds.   On motion of the solicitor-general, the court entered an order dismissing it.

In dismissing the motion for a new trial, the court erred.   Code (Ann.) § 26-2502, which fixes the punishment of one convicted of robbery by open force, provides that "Robbery by open force or violence shall be punished by death, unless the jury recommends mercy, in which event punishment shall be imprisonment in the penitentiary for life."   Under the record in this case, which shows that the defendant entered his plea of guilty, it was the duty of the court to pass sentence upon him, and under the law the court had no power or authority to submit the case to the

874

jury for their verdict. The ruling in *Carter* v. *State*, 204 *Ga.* 242 (49 S. E. 2d 492), controls this case. In that case, after the defendant had entered his plea of not guilty to an indictment for murder, and after the State had introduced evidence, counsel for the accused stated that the defendant in his statement to the jury pleaded guilty, and the court then directed the jury to return a verdict finding the defendant guilty, and instructed them that the only issue for them to consider was whether or not they would recommend mercy. This charge and action were held to be error, it being ruled that, where a murder case is not being tried by a jury, or a judge sitting as a jury, the law makes no provision for the punishment of life imprisonment, and that when a plea of guilty is entered, there is no lawful way in which the case can be submitted to a jury solely on the question of recommendation of life imprisonment. Such plea stands on the same footing as a conviction by a jury, and carries with it the same punishment as a jury verdict without a recommendation.

The defendant in the instant case having pleaded guilty to a capital offense, and the jury by direction of the court having returned a verdict of guilty with a recommendation to mercy, which they had no right to do, the sentence of the court pursuant to such verdict was illegal. The defendant's motion for a new trial upon the general grounds being sufficient to show the illegality of such verdict and sentence, it was error to dismiss the motion for a new trial.

*Judgment reversed. All the Justices concur.*