## 64269. BRYANT v. THE STATE.

CARLEY, Judge.

Appellant was indicted for felony escape from lawful confinement while serving a nine-year sentence for burglary and aggravated assault of a police officer. He entered a plea of not guilty and was brought to trial before a jury. The state presented evidence of the circumstances of the escape and appellant was identified as one of the escapees. Appellant was then sworn as his own sole witness and testified that, although he had been convicted and sentenced in Clayton County for the burglary and aggravated assault offenses, he had been "boarded out" in the Forest Park jail. According to appellant, conditions and food for the prisoners at the jail were so poor that, when he awoke one night and saw the bars cut and a window open, he followed three other prisoners out. Appellant went to his mother's house where he was arrested three days later.

At the close of the evidence, the trial court announced that, in view of appellant's testimony under oath admitting every element of the crime of escape, appellant was "hereby found guilty and the jury is discharged." The judge then pronounced sentence and remanded appellant to the custody of the sheriff. Defense counsel's objection that "we have not waived our right to a jury trial" was overruled, the court stating: "Your client has pled guilty under oath in this court and when he does that he has waived his right to a jury trial." On appeal, it is urged that the trial court erred in discharging the jury without allowing it to determine appellant's guilt or innocence.

1. Two fundamental doctrines of criminal jurisprudence are involved in the instant case. The first is the constitutional right to have a public and speedy trial by jury unless that right is waived. Ga. Const., Art. I, Sec. I, Par. XI (Code Ann. § 2-111); *Ballew v. State,* 145 Ga. App. 829 (245 SE2d 169) (1978). See generally, Daniel, Ga. Crim.

Trial Prac., § 14-12 (1977). The second is the presumption of innocence which "remains with the defendant throughout the progress of the trial, unless and until it be overcome in the minds of the jury from what is adduced on the stand, under the rules of law as given by the court." *Kelly v. State,* 204 Ga. 239 (1) (49 SE2d 489) (1948). It is clear from the trial transcript that the appellant did not knowingly waive his right to a jury trial and he did not voluntarily enter a plea of guilty. Thus, the question before us is whether, in view of these two principles of criminal jurisprudence, the trial judge exceeded his authority in discharging the jury and in rendering judgment against the appellant.

In applying these principles, we must recognize the extent of the authority and power of a jury in a criminal case. Both the Constitution and the statutory law of this state express the maxim that the jury shall be the judges of the law and the facts in the trial of all criminal cases. Ga Const. 1976, Art. I, Sec. I, Par. VIII (Code Ann. § 2-108); Code Ann. § 27-2301. Early on, our Supreme Court stated in this regard that "[t]he Jury are judges of the law in criminal cases, in this: that they have the legal right to acquit the prisoner, although the Judge may charge them, that if certain facts be proven, he is guilty according to law; and although they may find those facts to be proven. But the Judge is their safe and reliable adviser as to the law." *McGuffie v. State,* 17 Ga. 497, 498 (12) (1855). See also *Holder v. State,* 5 Ga. 441 (1848); *McPherson v. State,* 22 Ga. 478 (1857).

This concept of "jury nullification" has been moderated somewhat as to the *judicially sanctioned* authority of the jury to judge the law applicable to a case on trial. It is now accepted that "the province of the court [is] to construe the law applicable in the trial of a criminal case, and of the jury to apply the law so construed to the facts in evidence. While the impaneled jurors are made absolutely and exclusively judges of the facts in the case, they are, in this sense only, judges of the law." *Berry v. State,* 105 Ga. 683 (1) (31 SE 592) (1898); *Harris v. State,* 190 Ga. 258, 263 (9 SE2d 183) (1940). Accord, *Mims v. State,* 188 Ga. 702 (4) (4 SE2d 831) (1939). *Harris* expressly overruled *Holder, McGuffie* and *McPherson* to the extent that those cases authorized the trial court to charge that the jury could disregard the court's instructions and, in effect, determine the law to be different from that given in charge by the judge. However, the appellate decisions disapproving jury instructions which expressly inform a jury that it can independently construe as well as apply the law have not, in fact, altered the power of the jury to do just that if, in so doing, it acquits the defendant. From a practical standpoint, there is no way to review or control the manner in which a jury applies, ignores or miscontrues the law in arriving at a verdict of not guilty. The purpose

of the above analysis of the meaning of the mandate that "the jury in all criminal cases, shall be the judges of the law and the facts" (Code Ann. § 2-108) is to illustrate that it can never be said — in the instant case or in any case — that the jury could not acquit the defendant if it so desired.

"[T]he jury is entitled to believe a part of the testimony of a witness and disbelieve other parts." *Williamson v. State,* 134 Ga. App. 583 (215 SE2d 518) (1975). It is the duty of the jury " 'to ascertain the truth of the case from the opinion they entertain of all the evidence submitted for their consideration.' [Cit.]" *Frazier v. State,* 152 Ga. App. 743 (264 SE2d 35) (1979); *Jones v. State,* 159 Ga. App. 472 (283 SE2d 691) (1981). A criminal defendant is entitled to have a jury weigh and consider the evidence presented in the case and the right to the presumption of innocence until the jury decides that he is guilty. "This presumption remains with the defendant throughout the progress of the trial, *unless and until it be overcome in the minds of the jury* from what is adduced on the stand, under the rules of law as given by the court. When the presumption of innocence may in fact be overcome in their minds, and the burden shifted, is but a rule of evidence. *Even in the plainest of cases, it is for the jury to determine as a matter of fact under instructions from the court, and not for the court to determine as a matter of law, whether such original presumption of innocence has or has not been overthrown....* Thus, while it is the function of the judge to submit to the jury appropriate instructions on the question as to whether in their minds the presumption of innocence has or has not been removed, it is still true that, even in the plainest of cases, he can no more withhold or withdraw this basic safeguard with which all persons accused of crime are clothed than he could in a flagrant case direct a verdict of guilty. That, of course, he can not do since the jury alone has the power to condemn." (Emphasis supplied.) *Kelly v. State,* 204 Ga. at 239-240, supra.

Therefore, even though the defendant offers no evidence and the state's case *appears* to authorize only a verdict of guilty, "a verdict is never demanded in a criminal case in the sense that the court may direct a guilty verdict." *Poole v. State,* 100 Ga. App. 380, 385 (2) (111 SE2d 265) (1959). Indeed, it is reversible error for the court to direct a verdict of guilty where the defendant and his attorney in effect plead guilty in open court before both the judge and jury. *Carter v. State,* 204 Ga. 242 (49 SE2d 492) (1948). We are thus compelled to hold, even in the face of the appellant's testimony admitting every material element of the crime of which he was accused, that the trial court exceeded his authority in ruling that the appellant's testimony was equivalent to the entry of a plea of guilty. It follows that the trial court

committed reversible error in withdrawing from the jury the issue of appellant's guilt or innocence of the offense with which he was charged.

2. Appellant's enumeration contending that a subsequent prosecution of the same offense is barred under Code Ann. § 26-507 (a) (2) because his trial was terminated improperly after the jury was impaneled and sworn is premature and presents nothing for review on this appeal. See *Patterson v. State,* 248 Ga. 875 (287 SE2d 7) (1982).

*Judgment reversed. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED OCTOBER 14, 1982.

*Leonard N. Steinbert,* for appellant.

*Robert E. Keller, District Attorney, Clifford A. Sticher, Assistant District Attorney,* for appellee.