## 67257. ROBERTS v. THE STATE.

DEEN, Presiding Judge.

Anna Bell Roberts was indicted for the murder of William Freeman and convicted of voluntary manslaughter. She appeals, contending that the trial court erred in refusing to charge the jury on involuntary manslaughter after it asked the court for an instruction on the difference between voluntary and involuntary manslaughter. *Held:*

The trial court charged the jury on murder and voluntary manslaughter. Counsel for the defense did not file a written request for an instruction on involuntary manslaughter, but he objected to the court's failure to give such a charge after the jury's request.

In *State v. Stonaker,* 236 Ga. 1 (222 SE2d 354) (1976), the court held that failure to charge the law on lesser included offenses, in the absence of a timely written request, does not constitute error. See also *Smith v. State,* 236 Ga. 5, 10 (222 SE2d 357) (1976), which noted that *Stonaker* did not require such a charge "regardless of whether the evidence would have authorized or demanded such a charge."

In the instant case, the thrust of Roberts' defense was that she was defending herself from an attack by Freeman and that she did not intend to kill him, but in the ensuing struggle he fell on the knife. The court charged on the law of self-defense and accident. As there was no written request to charge on involuntary manslaughter, the

defendant obviously wished to take her chances with the jury on murder or voluntary manslaughter and relied upon the two charged defenses to acquit her of either crime. See *Gray v. State,* 163 Ga. App. 720, 721 (294 SE2d 697) (1982). The trial court therefore properly denied the jury's request and overruled the objection because involuntary manslaughter was not an issue in the case.

*Judgment affirmed. McMurray, C. J., Quillian, P. J., Banke, Birdsong, Sognier and Pope, JJ., concur. Shulman, P. J., and Carley, J., dissent.*

DECIDED JANUARY 3, 1984 —
REHEARING DENIED FEBRUARY 20, 1984 — ▮▮▮▮▮▮▮▮▮

*Jerry M. Daniel,* for appellant.
*Sam B. Sibley, Jr., District Attorney, Charles R. Sheppard, Assistant District Attorney,* for appellee.

CARLEY, Judge, dissenting.

I respectfully dissent from the majority's ruling that, under the facts of this particular case, the refusal of the trial court to charge on involuntary manslaughter was not error. I don't believe that there is any doubt that a charge on involuntary manslaughter was authorized under the evidence in this case and if a request had been made, it is my opinion that it would have been error to fail to so charge. There was no request and the majority relies upon *State v. Stonaker,* 236 Ga. 1 (222 SE2d 354) (1976). However, there is an added dimension in this case which is not present in *Stonaker* and its progeny, to wit: the request of the jury that it be instructed on the difference between voluntary and involuntary manslaughter. The trial court did not respond to this request. The defendant then specifically objected to the trial court's refusal to instruct as to involuntary manslaughter in accordance with the jury's request. In this state, "the jury shall be the judges of the law and the facts in the trial of all criminal cases . . ." OCGA § 17-9-2 (Code Ann. § 27-2301). It is true that the jury must apply the law as given to it in charge by the court. *Harris v. State,* 190 Ga. 258, 263 (9 SE2d 183) (1940). See also *Bryant v. State,* 163 Ga. App. 872 (296 SE2d 168) (1982). However, upon request the jury should be entitled to receive all of the law applicable to the case. See *Edwards v. State,* 233 Ga. 625, 626 (212 SE2d 802) (1975). In the instant case, the trial judge refused to respond to the jury's request for additional instructions as to principles of law applicable to the case and, in my opinion, this refusal constitutes reversible error. I am

authorized to state that Presiding Judge Shulman joins in this dissent.