## 69375. SHACKELFORD v. THE STATE.
### (323 SE2d 874)

BANKE, Presiding Judge.

The appellant was indicted for murder and found guilty of voluntary manslaughter in the shooting death of Tommy Fowler. On appeal, he contends that the jury's verdict was unauthorized because "[t]he only evidence showed an apparent necessity to shoot to save his own life." He further contends that the trial court erred in charging on voluntary manslaughter and in failing to charge on involuntary manslaughter.

The appellant admitted shooting Fowler but maintained that he had done so because Fowler was hitting him about the face and head with a shotgun. His testimony was initially conflicting on the issue of whether he had shot in self-defense or whether his pistol had discharged accidentally. In response to further questioning by his own counsel designed to clear up this confusion, the appellant testified as follows:

"Q. Now a little bit ago you were trying to tell us it was self-defense, which is it?

A. Well, I mean you know.

Q. Was you trying to keep him off of you?

A. Yeah I was Dan.

Q. Did you shoot him to keep him off of you?

A. No, I didn't shoot him to keep me off of you, I told you I got the gun and told Tommy not to hit me with the shotgun no more Dan and he hit me anyway and the pain caused me to pull to shoot the gun, I didn't shoot the gun to kill Tommy that's all there are to it. I got the gun out to stop him that's what I got it for, not to hit me anymore that's what I got the gun out for.

Q. You got it out for what?

A. To stop him from hitting me.

Q. Okay you got it out in self-defense?

A. That's right, that's what I got the gun out for, other than that I would have left the gun in my pocket never would knowed it would have been there.

Q. So you don't know whether it was an accident or self-defense?

A. I don't when he hit me in the face, I had that gun pointed at him and he hit me and I pulled the trigger I reckon now that's just the way it is Dan, that's all I can say.

Q. What you are saying is you didn't mean to kill him?

A. No I wouldn't have killed him for nothing in the world the truth about that now, that's for sure." *Held*:

1. Any rational trier of fact could have concluded beyond a reasonable doubt from the evidence presented at trial that the appellant was guilty of voluntary manslaughter. See generally OCGA § 16-5-2. It necessarily follows that the trial court did not err in charging the jury on voluntary manslaughter.

2. The evidence did not warrant a charge on involuntary manslaughter as a lesser included offense. While claiming to have acted in self-defense and without any intent to kill, the appellant admitted taking the pistol out of his pocket, pointing it at the victim, and pulling the trigger. If the shooting was justifiable, then he committed no criminal act at all, thereby precluding a charge on manslaughter in the commission of a lawful act. See *Crawford v. State*, 245 Ga. 89 (3) (263 SE2d 131) (1980); *Saylors v. State*, 251 Ga. 735, 737 (309 SE2d 796) (1983). On the other hand, if the shooting was not justifiable, then the homicide occurred as the result of a felonious assault with a deadly weapon, thereby precluding a charge on manslaughter in the commission of an unlawful act not a felony. Accord *Richardson v. State*, 250 Ga. 506 (3) (299 SE2d 715) (1983); *Dollar v. State*, 168 Ga. App. 726 (3) (310 SE2d 236) (1983). In any event, the appellant did not request a charge on involuntary manslaughter, and it is well settled that a charge on a lesser included offense is not required in the absence of a written request. See *Buxton v. State*, 253 Ga. 137 (5) (317 SE2d 538) (1984); *Roberts v. State*, 169 Ga. App. 880 (315 SE2d 430) (1984). See generally *State v. Stonaker*, 236 Ga. 1 (222 SE2d 354) (1976).

*Judgment affirmed. Pope and Benham, JJ., concur.*

DECIDED NOVEMBER 13, 1984.

*Dan T. Pressley, Sr.*, for appellant.

*V. D. Stockton, District Attorney, Michael H. Crawford, Assistant District Attorney*, for appellee.