73253. PROFFITT v. THE STATE.
(353 SE2d 61)

McMURRAY, Presiding Judge.

Defendant appeals his conviction in the Superior Court of Fayette County of the offense of armed robbery. He was sentenced to "serve the remainder of his life in the Penitentiary System of this

State, consecutive to all present sentences."[1] *Held*:

1. Defendant's first enumeration of error raises the sufficiency of the evidence. The State's evidence shows that defendant robbed a drugstore clerk by showing her a gun, and several times telling the clerk "I don't want to hurt you. Put the money in the bag." Defendant then directed the clerk to sit on the floor and "not to holler," which she did and did not get up until defendant left the store. Viewing the evidence in the light most favorable to the jury's verdict, we conclude that the evidence was sufficient to enable any rational trier of fact to find the defendant guilty of armed robbery beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Worthy v. State*, 180 Ga. App. 506, 507 (1) (349 SE2d 529).

2. Defendant contends the trial court erred in allowing him to be tried in prison clothing. "Although the defendant had the right to wear civilian clothes rather than prison clothing at his trial . . . , this is a procedural right that may be lost where there is a failure to assert it properly." *Sharpe v. State*, 119 Ga. App. 222 (1) (166 SE2d 645).

In the case sub judice, immediately after the parties announced ready for trial, defense counsel informed the trial court that defendant "wants to make a statement to the Court." Whereupon the following colloquy transpired: "THE COURT: Let me remind you, before you make any statements, that of course all the prospective jurors are present in this courtroom, and I assume that twelve of these ladies and gentlemen will be chosen to sit on this case. THE DEFENDANT: Yes, sir. THE COURT: I'd be glad to listen to any statement that you want to make. If you want to make it on the record, of course, you'll have to make it here. If you had rather make it to me in private, I'll be glad to step back in chambers with you. Of course, I don't know what your statement is going to be, but I want to advise you that the prospective jurors are present in court. THE DEFENDANT: Yes, sir. (Whereupon defense counsel and the defendant confer.) THE DEFENDANT: Your Honor, I'd like to say that I have my clothes in the Clayton County Jail and they wouldn't let me wear them down here. And that's all I have to say. THE COURT: All right, sir. Let the record reflect that statement. Are you ready, Mr. [defense counsel]? [Defense Counsel]: Your Honor, I want to add to that the reason why Mr. [defendant's] bringing up about his clothes, of course, is that these are the clothes that were issued to him in the Clayton County Jail, and the clothes he has were his own street clothes, which were a little more presentable, and that's why he did want to make a

---

[1] Defendant had, approximately one month previously, been sentenced to concurrent terms of fifteen years for three counts of armed robbery in Fulton County.

statement to the Court. [Co-defense counsel]: Yes, Your Honor, it is. THE COURT: All right, we'll let the record reflect that." Pretermitting any question as to whether defendant's statement and defense counsel's explanation constituted a proper objection and presuming that the issues raised therein were preserved for appellate review, we find that the issue argued on appeal was not raised before the trial court. Clearly the objection raised by defendant at trial is predicated solely on the grounds of the superior aesthetics of defendant's street clothes. There was no objection to the defendant's prison clothing other than insofar as it was less "presentable" than his own street clothes.

Defendant's objection at trial fails to raise the Fourteenth Amendment grounds which shelter an accused from being compelled to stand trial while dressed in identifiable prison clothes. See *Estelle v. Williams*, 425 U. S. 501 (96 SC 1691, 48 LE2d 126).

Grounds which may be considered on motion for new trial or on appeal are limited to those which were raised at trial. *Pulliam v. State*, 236 Ga. 460, 465 (224 SE2d 8); *Fowler v. State*, 155 Ga. App. 76 (2) (270 SE2d 297). As the issue argued on appeal was not raised before the trial court, this enumeration of error presents no question for consideration on appeal.

3. Defendant contends that he has been denied due process and access to the appellate courts due to the failure of a transcript to be prepared and filed. The jury returned its verdict and defendant was sentenced on September 22, 1980. A motion for new trial was filed on October 16, 1980, and, as amended, denied on May 23, 1986. The transcript of defendant's trial was filed on June 2, 1986.

In *Graham v. State*, 171 Ga. App. 242, 250 (7) (319 SE2d 484), we adopted the balancing test set forth in *Barker v. Wingo*, 407 U. S. 514 (92 SC 2182, 33 LE2d 101), for application to situations such as the case sub judice. Applying the four factors of that test to the case sub judice we find although there was a lengthy delay of five years, " '(t)he mere passage of time is not enough, without more, to constitute a denial of due process.' *Hughes v. State*, 228 Ga. 593 (1a) (187 SE2d 135) (1972)." *Graham v. State*, 171 Ga. App. 242, 250 (7), supra. The reason for the delay is not shown in the record. There is some indication in the record that defendant attempted to assert his rights. The record contains a pro se motion filed March 8, 1984, requesting a copy of the transcript of defendant's trial. The record also suggests that a letter was written on defendant's behalf in September of 1985. Finally, we find no indication of any prejudice to defendant. "Unless it clearly appears that the delay in filing the transcript prevented the presentation of an adequate appeal or impaired a defense which would otherwise be available to an appellant where a new trial is ordered due to trial error, an appellant has not suffered the prejudice

which turns a transcript delay into a violation of due process of law. [Defendant does] not assert any prejudice other than the fact that [he was] incarcerated, and we refuse to hold that post-conviction incarceration, in and of itself, is a violation of due process of law. Since [defendant] did not make the requisite showing, the delay in filing the transcript is not adequate grounds on which a new trial should be granted." *Graham v. State*, 171 Ga. App. 242, 250 (7), supra. This enumeration of error is without merit.

*Judgment affirmed. Carley and Pope, JJ., concur.*

DECIDED JANUARY 21, 1987.

*Joseph J. Saia*, for appellant.

*Johnnie L. Caldwell, Jr.*, District Attorney, *Paschal A. English, J. David Fowler, Anne Cobb, James E. Sherrill*, Assistant District Attorneys, for appellee.