### A89A2107. GILBERT v. THE STATE.
(390 SE2d 621)

POPE, Judge.

Defendant was convicted of armed robbery and giving a false name to an officer. Beth Layne Rauls was working as a clerk at a convenience store. Around 9:00 p.m. on August 13, 1988, defendant returned to the store, which he frequented and had visited earlier in the day to play video games with an off-duty employee of the store, Wendi Susi and a friend of hers. Rauls testified that defendant pulled a gun on her, reached over the counter, opened the cash register and took all the bills out of the register and fled.

Defendant was arrested two days after the robbery and gave police a written confession in which he admitted using a blank pistol to rob Rauls of $106.

1. Defendant argues that the trial court erred in striking testimony of Wendi Susi that someone told her in a telephone conversation that the victim Rauls and defendant had faked the robbery. The defense theory was that defendant, Rauls and Susi conspired to have Rauls give defendant the money so that he could buy cocaine for the three of them. Both Rauls and Susi denied any such conspiracy. During cross-examination of Susi, defense counsel elicited testimony from Susi that someone on the phone told her about the faked robbery. Initially, the court overruled the State's objection that this was hear-

say. However, when the State established on redirect that Susi had no idea who told her the information, the trial court struck the testimony. There was no error in this ruling. Clearly, the testimony was hearsay and is not admissible under any of the exceptions to the hearsay rule.

2. The trial court permitted the State to use defendant's prior conviction for the offense of giving a false name to a police officer to impeach his testimony that he did not know for sure at the time of his arrest for the armed robbery that doing so was a crime. This did not improperly place defendant's character in issue. *Jones v. State*, 257 Ga. 753, 759 (363 SE2d 529) (1988). Although defendant argues on appeal that the manner in which the prior conviction was established was improper, no objection to the procedure was made at trial. Therefore, we have nothing to review. *Fancher v. State*, 190 Ga. App. 438 (1) (378 SE2d 923) (1989).

3. The trial court charged that the date in the indictment was not material and that it was sufficient if the jury found that the offense was committed within the preceding seven years. The State concedes that this was error regarding the misdemeanor offense of giving a false name to a police officer, for which the statute of limitation is two years. However, our review of the record shows that the error does not require reversal. In his testimony, defendant admitted all the elements of the offense, including the date alleged in the indictment. It is highly improbable that the trial court's erroneous charge harmed defendant. *Minter v. State*, 258 Ga. 629 (2) (373 SE2d 359) (1989).

4. There is no merit to defendant's argument that the trial court's statement in its charge that "[t]he defendant contends that he is not guilty of any offense," was improper commentary on the evidence in light of his admissions on the stand regarding the false name charge. The statement obviously was in reference to defendant's plea of not guilty which defendant had not withdrawn. See *Bryant v. State*, 163 Ga. App. 872 (296 SE2d 168) (1982).

*Judgment affirmed. Banke, P. J., and Sognier, J., concur.*

DECIDED JANUARY 29, 1990.

*John D. McCord III*, for appellant.
*Robert E. Wilson, District Attorney, Barbara B. Conroy, R. Stephen Roberts, Assistant District Attorneys*, for appellee.