## 54941. BARLOW v. THE STATE.

QUILLIAN, Presiding Judge.

The defendant was charged with 2 misdemeanor offenses: (1) operating a motor vehicle while under the influence of intoxicants; (2) obstructing an officer in that "said accused did flee on foot from said officer as said officer was attempting to place the accused under lawful arrest for the offense of driving under the influence." He was acquitted of the first charge — driving under the influence — but convicted of the second. On appeal to this court he contends that the verdict on which the judgment is based is void for inconsistency or repugnancy. *Held:*

In ascertaining whether a repugnancy exists the determinative factor is "whether the acquittal of one charge necessarily includes a finding against a fact that is essential to conviction for the other charge." *Conroy v. State,* 231 Ga. 472, 475 (202 SE2d 398).

It is evident that one may arrest another based on probable cause. *Garrison v. State,* 122 Ga. App. 757 (178 SE2d 744); *Pate v. State,* 137 Ga. App. 677 (225 SE2d 95). It is not necessary that the accused be found guilty, for the arrest may still be lawful. That being true, and since there is nothing to show that probable cause was not present, there is no inconsistency in the verdict as a matter of law. Since there is no transcript we must assume there was no inconsistency as a matter of fact.

*Judgment affirmed. Webb and McMurray, JJ., concur.*

SUBMITTED JANUARY 10, 1978 — DECIDED FEBRUARY 28, 1978.

*Harold E. Martin,* for appellant.
*E. Byron Smith, District Attorney,* for appellee.