## 58372. EVANS v. THE STATE.

UNDERWOOD, Judge.

Evans was tried in the State Court of DeKalb County for public drunkenness and obstructing a law officer in the lawful discharge of his official duties. He was found not guilty of public drunkenness but was convicted of obstructing a law enforcement officer. On appeal he contends that the trial court erred by (1) sustaining his conviction as his conduct did not constitute resistance to his arrest; (2) sustaining his conviction as he was entitled to resist his unlawful arrest with force equal to that used by police officers; and (3) listing both offenses on the sentence form when imposing sentence.

The evidence disclosed that sometime between 10:30 and 11 p.m., January 29, 1979 Evans and two other men went to the Rusty Nail bar. Evans was talking loudly and bothering a female patron when the manager told him to "keep it down." Evans didn't comply and the police were called. A police officer asked Evans to leave and after a brief argument as to whether he would finish his beer, he started to leave. As he reached the foyer of the bar he was told he was under arrest (for public drunkenness), and a second police officer took Evans by the arm. He tried to pull his arm away, telling the police officers both of his arms had been broken and recently removed from casts. He started flailing his arms when the police officers tried to handcuff him. The ensuing struggle continued for two or three minutes and one of the officers got Evans in a wrestling hold and the other officer handcuffed him. Evans denied "flailing his arms," and testified he was afraid his arms would be re-injured so he was just trying to get his arms loose.

1. The evidence recited above is sufficient to sustain Evans' conviction. Although Evans denied struggling with the officers who were trying to handcuff him, there

was evidence that he was flailing his arms and struggling to keep from being handcuffed. The weight of the evidence and credibility of witnesses are matters to be determined by the jury, *State v. Smith,* 134 Ga. App. 602 (215 SE2d 345) (1975); *Heilman v. State,* 132 Ga. App. 775 (209 SE2d 220) (1974), and the evidence presented would authorize a conviction. Accordingly, this enumeration is without merit.

2. There is no merit to Evans' contention that his arrest was unlawful. The arresting officer testified there was a strong odor of alcohol on Evans, that he had a "staggered gait," bloodshot eyes and was loud and boisterous. Even a defense witness testified that he didn't know if Evans was drunk, but the way he was acting "wasn't a normal manner." A witness who observes an individual is authorized to conclude from his observation that such individual is intoxicated. *Garrett v. State,* 146 Ga. App. 610, 611 (247 SE2d 136) (1978), citing *Harris v. State,* 97 Ga. App. 495 (3) (103 SE2d 443) (1958). Thus, from the arresting officer's observation of Evans, he had a reasonable and probable cause to believe Evans was committing the offense of public drunkenness, and "[i]t is evident that one may arrest another based on probable cause." *Barlow v. State,* 145 Ga. App. 93 (243 SE2d 328) (1978). We also held in *Barlow* that "[i]t is not necessary that the accused be found guilty, for the arrest may still be lawful."

3. Enumeration 3 concerning the clerical error in the sentencing form was not raised in Evans' motion in arrest of judgment, and it is well settled that this court will not consider questions raised for the first time on appeal. *Foster v. Continental Cas Co.,* 141 Ga. App. 415, 416 (233 SE2d 492) (1977).

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

SUBMITTED SEPTEMBER 24, 1979 — DECIDED OCTOBER 22, 1979.

*Ronald C. Harrison,* for appellant.
*John R. Thompson, Solicitor, William E. Mumford,*

*Assistant Solicitor,* for appellee.