## 67042. JOHNSON v. THE STATE.

DEEN, Presiding Judge.

A Clarke County jury found appellant Johnson guilty of Failure to Perform Duty upon Striking an Unattended Vehicle, and she was sentenced to twelve months' probation. Johnson appeals from this judgment, enumerating two errors: (1) the admission into evidence of an unsigned note stating that an automobile bearing a license plate with a number corresponding to that on her vehicle had struck an automobile parked in a University of Georgia parking lot; and (2) the trial court's failure to give a jury instruction on alibi, which was the sole defense pleaded at trial. *Held:*

1. The trial transcript reveals that the note placed anonymously on one of the damaged automobiles was admitted, over defense counsel's continuing objection, not for the purpose of proving the matter therein but to explain the conduct of one of the investigating officers. The court instructed the jury: "I'm going to allow this Exhibit #2 of the State, not for the purpose of proving the truth of the contents, . . . not as direct evidence proving the truth of the statements that are made in it." See OCGA § 24-3-2 (Code Ann. § 38-302); *Lynch v. State,* 164 Ga. App. 317, 319 (296 SE2d 179) (1982). This enumeration is without merit.

2. The transcript further discloses that, as appellant contends, the court gave no instruction to the jury regarding an alibi. Even though, as in the instant case, defense counsel does not request such

an instruction, the court is obligated to charge the jury on alibi when (as here) it is the defendant's sole defense, provided sufficient evidence is set forth to support such a theory. *Dixon v. State,* 157 Ga. App. 550 (278 SE2d 130) (1981); compare *Rivers v. State,* 250 Ga. 288 (298 SE2d 10) (1982). Where the evidence in support of the alibi is not clear and of strong probative value, however, or where the evidence does not show the impossibility of the defendant's presence, failure to give the charge, absent a request, is not reversible error. *Dixon v. State,* supra; *Plemons v. State,* 155 Ga. App. 447 (270 SE2d 836) (1980); *Cole v. State,* 63 Ga. App. 418 (11 SE2d 239) (1940).

In the instant case the evidence of alibi, other than the statements of defendant and her father, who was a passenger in her automobile at the relevant time, consisted of the statement of a professor with whom appellant had had an appointment during his 10 a.m.-11 a.m. office hour period, that the appointment had been kept. However, neither the professor's independent recollection nor the copy of his appointment calendar that was admitted as a business record could fix the exact time at which Ms. Johnson had arrived for the appointment or how long she had remained. The alibi evidence is at best inconclusive, and particularly so in the light of other evidence adduced at trial.

Moreover, the court fully and correctly instructed the jury on presumption of innocence, burden of proof, reasonable doubt, credibility of witnesses, and direct and circumstantial evidence. "Both the courts and commentators have long noted that since the true effect of an alibi defense is to traverse the state's proof that the defendant committed the crime, the charge that the burden is on the state to prove that the defendant committed the crime beyond a reasonable doubt itself necessarily covers the question of whether the evidence of alibi was sufficient to create a reasonable doubt." *Rivers v. State,* supra at 300; see also *Booker v. State,* 247 Ga. 74 (274 SE2d 334) (1981); *Lavender v. State,* 234 Ga. 608 (216 SE2d 855) (1975); *Bone v. State,* 102 Ga. 387 (30 SE 845) (1897). The court's instruction to the jury, when viewed as a whole, fairly and accurately presented the relevant considerations. We therefore find appellant's second enumeration to be without merit.

3. The court notes that appellant's motion for an extension of time for filing the transcript was untimely. However, out of an abundance of caution and a genuine desire to ensure that appellant's rights are preserved, we have thoroughly examined the entire record. Our scrutiny of the record convinces us that the judgment of the trial court should be affirmed.

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED OCTOBER 14, 1983 —
REHEARING DENIED NOVEMBER 1, 1983.

*Timothy W. Floyd, Donald T. Wells, Jr.,* for appellant.
*Ken Stula, Solicitor,* for appellee.