## 68375. DAVIS v. THE STATE.
(322 SE2d 497)

CARLEY, Judge.

Appellant was tried before a jury and found guilty of simple battery and obstruction of a police officer. His motion for new trial was denied and he appeals.

Construed most strongly in support of the verdict, the evidence adduced at trial authorized the following findings: The police department of the City of Sylvester received a report of a family disturbance. In response to this report, two officers were dispatched to the scene. When the officers arrived at the address, appellant was standing outside the residence. According to the officers, appellant immediately ordered them to leave, using vulgar and abusive language. One of the officers testified that appellant was "hollering, yelling" and "was in a rowdy condition . . ., acting like he wanted to fight." The other officer testified that appellant's conduct was "disturbing the peace" in that appellant could be heard "cussing" from "across the street." Although there was no direct evidence that anyone other than the officers had actually heard appellant's vulgar language, he was advised that he was being placed under arrest for violating the city ordinance which prohibited disorderly conduct. When the officers attempted to effectuate the arrest of appellant, the situation escalated into the physical confrontation which underlay the instant pros-

ecution.

1. At trial, a certified copy of the city's disorderly conduct ordinance was introduced into evidence. The ordinance had been rendered a relevant issue in the case as the result of appellant's contention that the officers' attempt to arrest him for disorderly conduct was illegal and that his physical resistance to that arrest was accordingly justified. See *Porter v. State*, 124 Ga. 297 (3) (52 SE 283) (1905); *Glaze v. State*, 156 Ga. 807, 812 (1) (120 SE 530) (1923); *Palmer v. State*, 195 Ga. 661 (2) (25 SE2d 295) (1943). Under the circumstances, the introduction of the ordinance was necessary to the State's case. See *Smith v. State*, 84 Ga. App. 79, 82 (65 SE2d 709) (1951). Appellant does not contest the admissibility of the ordinance. However, over appellant's timely objection that it was not authorized under the evidence, the language of the ordinance was quoted to the jury in the trial court's charge. Asserting that the State's evidence failed to show that the ordinance was violated and citing *Wood v. Haynes*, 148 Ga. App. 640 (252 SE2d 69) (1979), appellant enumerates the giving of this charge as error.

Appellant's reliance on *Wood v. Haynes*, supra, is misplaced. Appellant was not on trial for violating the ordinance and it was not incumbent upon the State to prove that he had. The issue was whether the officers had *probable cause* to believe that appellant was in violation of the ordinance and whether appellant's warrantless arrest was lawful. See generally *Mullis v. State*, 196 Ga. 569 (27 SE2d 91) (1943); *Johnson v. State*, 143 Ga. App. 826 (240 SE2d 207) (1977); *McDaniel v. State*, 164 Ga. App. 105 (296 SE2d 401) (1982). "It is evident that one may arrest another based on probable cause. [Cits.] It is not necessary that the accused be found guilty, for the arrest may still be lawful." *Barlow v. State*, 145 Ga. App. 93 (243 SE2d 328) (1978). See also *Evans v. State*, 151 Ga. App. 885, 886 (2) (262 SE2d 199) (1979).

In the instant case, the legality of appellant's arrest was a question for the jury. "Whether, under all the circumstances, . . . there was or was not cause for attempting the arrest without a warrant, was a question for the jury . . . ." *Thomas v. State*, 91 Ga. 204, 207 (18 SE 305) (1892). Accordingly, the trial court's charge on the language of the ordinance was authorized for the same reason that the ordinance itself was admissible into evidence. The instruction was not erroneously given. *Wilson v. State*, 223 Ga. 531, 536 (156 SE2d 446) (1967). See also *West v. State*, 155 Ga. 482, 484 (7) (117 SE 380) (1923).

2. Over appellant's objection, the jury was allowed to have possession of the certified copy of the ordinance which had been admitted into evidence. Citing *Royals v. State*, 208 Ga. 78 (65 SE2d 158) (1951), appellant asserts that, although the ordinance was relevant

and admissible evidence, it should not have been allowed to go out with the jury.

The certified copy of the ordinance was not a writing "introduced in evidence *in lieu of testimony* from the witness stand . . . ." (Emphasis supplied.) *Royals v. State*, supra at 78 (2). The ordinance was itself relevant and admissible original documentary evidence. See OCGA § 24-7-21. Under these circumstances, *Royals* is not controlling authority. *Edwards v. State*, 213 Ga. 552, 554 (3) (100 SE2d 172) (1957); *Atlanta Transit System v. Smith*, 141 Ga. App. 87, 89 (3) (232 SE2d 580) (1977); *Davis v. State*, 162 Ga. App. 190 (1) (290 SE2d 124) (1982). It was not error to allow the ordinance to go out with the jury. "[A]ll of the evidence was proper matter for the jury to have out with it." *Edwards v. State*, supra at 554.

*Judgment affirmed. Quillian, P. J., and Birdsong, J. concur.*

DECIDED SEPTEMBER 5, 1984 —
REHEARING DENIED SEPTEMBER 21, 1984

*B. Samuel Engram, Jr.*, for appellant.
*Thomas H. Pittman, District Attorney, Robert C. Wilmot, Assistant District Attorney*, for appellee.