## 68425. STEWART v. THE STATE.
### (323 SE2d 652)

BENHAM, Judge.

Appellant brings this appeal from his conviction of rape, burglary, and robbery.

At trial the State produced the following evidence: At 4:00 a.m. on May 18, 1982, the victim was awakened in her home by an intruder who was holding his hand over her mouth. He then raped her and took three rings from her hands. The victim described her assailant as being about 5′ 10″ tall, of slender build, with light moustache hair on his upper lip, wearing "a military T-shirt" with a shirt of her husband's over his head, and wool-textured knit gloves on his hands. She thought he was a black man because of the texture of his hair, his speech, and his full lips. The assailant held what the victim thought was a silver-colored table or kitchen knife to her neck when he attacked her. The assailant, still dressed in the T-shirt with the victim's husband's shirt over his head and wearing the knit gloves, was carrying the knife and the victim's rings when he ran out the back door and around the block. The victim notified her husband at work, and he took her to the hospital, where a rape kit was prepared, examined and found to be positive for the presence of spermatozoa.

On May 20, 1982, investigating officers recovered the victim's three rings from a local pawn shop. The rings were sold to the pawn shop by Irwin Johnson, accompanied by another black male driving a white Oldsmobile. Johnson told the police that he got the rings from appellant, who came by his house and picked him up, and that they sold the rings. Johnson was six feet tall and weighed 250 to 260 pounds. Appellant told Johnson that he had "beaten a guy" for the rings at a neighborhood bar. The next day appellant's brother, a deputy sheriff, brought him to the Thomasville Police Department, where appellant was advised of the charges against him and was read his rights.

Appellant gave a statement to police in which he denied guilt or any knowledge of the rings and stated that he did not give them to

Johnson, that Johnson alone was selling them and that they probably belonged to Johnson's wife. In a search of appellant's room a pair of wool-textured gloves was found, and a silver bread or kitchen knife was recovered from under the driver's seat of his car. After being allowed to talk to Johnson, appellant told police he had gotten the rings from a 17-year-old white boy named Paul Green. Green was picked up and interrogated, but did not seem to know what the police were talking about. Green testified at trial that he knew nothing about the rings. Appellant took the stand and denied any involvement in the crimes. Several witnesses testified that appellant had been with them the evening of May 16 at a house across the street from where appellant lived, but that he left between 1:30 and 3:00 a.m. on May 17. The crimes occurred at 4:00 a.m. on May 17, and appellant estimated that he lived about one minute away from the victim's home. Appellant's physical appearance was similar to the victim's description of her assailant. Appellant was charged with rape, burglary and robbery, and found guilty on each count.

1. Appellant contends that the evidence, being circumstantial, was insufficient for a rational finder of fact to find him guilty beyond a reasonable doubt. "It is well settled that circumstantial evidence can be sufficient to authorize a finding of guilt beyond a reasonable doubt. [Cit.] The appellate courts do not undertake to weigh such evidence but look only to see if there is sufficient competent evidence to support the verdict, when viewed in the light most favorable to the verdict. [Cits.] 'The weight of the evidence and credibility of witnesses are matters to be determined by the jury.' [Cits.]" *Hopkins v. State*, 167 Ga. App. 811, 815 (2) (307 SE2d 707) (1983). "Questions of reasonableness are generally decided by the jury, and this court will not disturb the jury's finding that the evidence was sufficient to exclude every reasonable hypothesis save that of guilt unless the verdict is unsupportable as a matter of law. [Cits.]" *Shockley v. State*, 166 Ga. App. 182 (303 SE2d 519) (1983); OCGA § 24-4-6.

Based on the totality of the circumstances, including appellant's possession of the stolen rings, the gloves, the knife, and the fact that his physical appearance matched the victim's description, as well as his changes of testimony and lack of alibi, there clearly was sufficient evidence, even if circumstantial, for the jury as rational triers of fact to conclude beyond a reasonable doubt that appellant committed the crimes with which he was charged. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Accord *Sutton v. State*, 168 Ga. App. 139 (308 SE2d 421) (1983); *Chambless v. State*, 165 Ga. App. 194 (300 SE2d 201) (1983).

2. Appellant's objections to the testimony of an expert in forensic serology are controlled adversely to him by the principles enunciated in *Graham v. State*, 168 Ga. App. 23 (308 SE2d 413) (1983). *Hurd v.*

*State*, 125 Ga. App. 353 (2) (187 SE2d 545) (1972), is inapposite since it concerns paternity testing in which the goal is to exclude the defendant as the possible father of the child.

3. We find appellant's enumeration of error based upon the failure of the trial court to charge without request the affirmative defense of alibi to be unfounded as well. Neither appellant's witnesses nor his own testimony substantiated his whereabouts at the time the crimes occurred, and the court fully instructed the jury as to mistaken identity. "Where the evidence in support of the alibi is not clear and of strong probative value . . . or where the evidence does not show the impossibility of the defendant's presence, failure to give the charge, absent a request, is not reversible error. [Cits.] . . . 'Both the courts and commentators have long noted that since the true effect of an alibi defense is to traverse the state's proof that the defendant committed the crime, the charge that the burden is on the state to prove that the defendant committed the crime beyond a reasonable doubt itself necessarily covers the question of whether the evidence of alibi was sufficient to create a reasonable doubt.' [Cits.] The court's instruction to the jury, when viewed as a whole, fairly and accurately presented the relevant considerations." *Johnson v. State*, 168 Ga. App. 686, 687 (2) (310 SE2d 249) (1983). Accord *Rivers v. State*, 250 Ga. 288 (8) (298 SE2d 10) (1982). Accordingly, we find no grounds for reversal.

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED OCTOBER 12, 1984 —
REHEARING DENIED OCTOBER 29, 1984 ▮▮▮▮▮▮

*Harry J. Altman II*, for appellant.

*H. Lamar Cole, District Attorney, James E. Hardy, Assistant District Attorney*, for appellee.