A91A1229. BAIRD v. THE STATE.
(411 SE2d 332)

SOGNIER, Chief Judge.

Andrew Baird was convicted of escape while armed with a dangerous weapon, OCGA § 16-10-52 (b), and he appeals.

The transcript reveals that appellant, an inmate at the Oconee County Jail, joined another inmate and entered the control room of the jail wielding sections broken off a commercial broom handle (with a one to one and a half inch diameter). Larry Freeman, a jailer present during the escape, testified that while he was struggling with the other inmate, appellant, who was standing in the control room doorway, began beating on the door frame with his section of the broom handle. Appellant yelled to the guards to open the exit door or he was "going to bust" the head of a nearby guard. Freeman testified he opened the door because he thought appellant was going to hurt the other guard.

Appellant contends in his sole enumeration of error that the trial court erred by failing to give the jury any of his requests to charge on the definition of "dangerous weapon" in conjunction with its charge on OCGA § 16-10-52 (b), which provides in pertinent part that a person "who commits the offense of escape while armed with a dangerous weapon shall, upon conviction thereof, be punished by imprisonment for not less than one nor more than ten years." "The rule is that when the charge embraces a section of the Code which contains technical words or expressions, the meaning of which is probably not understood by a person unlearned in the law, the court should so define them as to convey to the jury a correct idea of their meaning, but it is unnecessary for the court, even upon request, to explain words and expressions which are of ordinary understanding and self-explanatory. [Cits.]" *Floyd v. State,* 58 Ga. App. 867, 871 (200 SE 207) (1938). We agree with the State that the words "dangerous weapon" as used in OCGA § 16-10-52 (b) are not words of art but rather are words of common understanding and meaning which require no definition themselves for understanding by the jury. See *Anderson v. State,* 226 Ga. 35, 36 (2) (172 SE2d 424) (1970) ("assault"); *Ricks v. State,* 156

Ga. App. 647, 648 (3) (275 SE2d 730) (1980) ("offensive weapon"). Therefore, the trial court did not err by failing to give appellant's requested charges.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED SEPTEMBER 30, 1991.

*Russell C. Gabriel, Albert M. Pearson III*, for appellant.
*Harry N. Gordon, District Attorney*, for appellee.