## A94A0361. WOITYRA v. THE STATE.
(443 SE2d 867)

BIRDSONG, Presiding Judge.

Scott A. Woityra appeals his convictions of homicide by vehicle and possession of cocaine. He contends the trial court erred by refusing to give a requested charge on admissions, by reconsidering the grant of a motion in limine and permitting the State to introduce evidence of cocaine in his urine, by denying his motion to sever the possession of cocaine charge from the vehicular homicide charge, by refusing to merge the possession of cocaine charge with the vehicular homicide charge, and by refusing to allow a witness to be impeached with a written report. Woityra also asserts the general grounds.

The record shows that on the stormy, rainy night of July 4, 1991, Scott Woityra and his wife Kathy left the home of some friends where he admittedly consumed several alcoholic drinks, and proceeded to pick up their child. On the way Woityra lost control of the car and it left the road, spun around, and struck a utility pole. Kathy Woityra died as a result of injuries sustained when the car hit the pole. After the incident, Woityra stated he was going between 67 and 68 mph and he had been drinking. A blood test showed Woityra had a .10 blood-alcohol level and a test of his urine was positive for cocaine.

After a jury returned guilty verdicts on charges of vehicular homicide in the first degree and possession of cocaine, Woityra was sentenced to ten years confinement with two years to serve and eight years on probation. *Held*:

1. Woityra first contends the trial court erred by refusing to give the charge he requested on the law relating to admissions. The charge appears to be an incomplete combination of several different charges on this issue, and when asked for the authority for giving the charge, appellant could provide none. Given the nature of the charge requested, the trial court did not err in denying the request. "A request to charge itself must be correct, legal, apt, even perfect, and precisely adjusted to some principle involved in the case. If *any portion* of the request is inapt or incorrect, denial of the request is proper." (Punctuation omitted.) *Mattox v. MARTA*, 200 Ga. App. 697, 699 (409 SE2d 267). Further, a trial court does not err by refusing to give a requested charge which, as crafted, creates a fair risk of confusing or misleading the jury when examined in light of the other charges given. See *Jones v. State*, 200 Ga. App. 519, 521 (408 SE2d 823). Moreover, we note that when the trial court provided appellant the opportunity to present authority supporting the requested charge or another charge, he failed to do so.

In any event, as appellant did not testify so as to contest making the statement attributed to him, no charge was required. *Jackson v. State*, 239 Ga. 449, 450 (238 SE2d 31); *Serrano v. State*, 146 Ga. App.

781, 783 (247 SE2d 593).

2. Contrary to appellant's assertion, we find the evidence presented showing the results of appellant's blood and urine tests, his physical condition and appearance, and the manner in which he drove the vehicle sufficient to support his convictions. "Having reviewed the evidence in the light most favorable to the jury's determination, we conclude that a rational trier of fact could have found the defendant guilty of the crimes for which he was convicted beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Crawford v. State*, 245 Ga. 89, 90 (263 SE2d 131) (1980)." *Witherspoon v. State*, 262 Ga. 2 (412 SE2d 829).

3. We find no error in the trial court's reconsideration of its earlier ruling on appellant's motion in limine. A trial court can modify a ruling on a motion in limine at trial. Agnor's Georgia Evidence (2d ed.), Motion in Limine, § 8-1.1, citing *Frink v. State*, 177 Ga. App. 604 (340 SE2d 631). Further, reconsideration was appropriate in this case because the trial court's earlier ruling on the motion was incorrect. Therefore, the trial court did not err by allowing evidence of the results of appellant's urine test even though the laboratory report did not quantify the cocaine detected in appellant's urine. OCGA § 40-6-391 (a) (5); *Kerr v. State*, 205 Ga. App. 624, 626-627 (423 SE2d 276).

4. Although appellant alleges that the trial court erred by denying his motion to sever the possession of cocaine count from the count of vehicular homicide, examination of appellant's motion shows that appellant did not move to sever the possession of cocaine count. Under these circumstances, there was no error.

5. Finally, appellant asserts the trial court erred by refusing to admit a draft accident report that appellant used in his impeachment of the police officer who investigated the accident. As the officer admitted making the prior inconsistent statement, it was not error to exclude the draft report. *Daniels v. State*, 203 Ga. App. 873, 874 (418 SE2d 137).

*Judgment affirmed. Cooper and Blackburn, JJ., concur.*

DECIDED APRIL 15, 1994 —
RECONSIDERATION DENIED MAY 2, 1994 — ▮▮▮▮▮▮▮▮

*Roland R. Castellanos*, for appellant.

*Thomas J. Charron*, District Attorney, *Irvan A. Pearlberg, Debra H. Bernes, Nancy I. Jordan*, Assistant District Attorneys, for appellee.