## A97A0339. HIGHTOWER v. THE STATE.
(481 SE2d 867)

ELDRIDGE, Judge.

Appellant was convicted on May 23, 1995, of one count of violation of the Georgia Controlled Substances Act (distribution of cocaine) and sentenced to 22 years to serve. Appellant filed a motion for new trial, as well as an amended motion for new trial. Both motions were denied by the trial court, and appellant then filed his notice of appeal.

On August 22, 1994, between the hours of 4:30 p.m. and 5:30 p.m., the Oconee Dublin Drug Task Force conducted an undercover operation in Laurens County, Georgia. Under the direction of Task Force Agents Neal White and Tad Fuqua, Antonio Richardson acted as a confidential informant. Agent White searched Richardson and his car for any contraband, while Agent Fuqua installed an audio and video system into Richardson's vehicle prior to sending Richardson into an area designated as having high drug traffic. Richardson was provided with Task Force funds to make purchases of cocaine and marijuana. Richardson purchased cocaine from appellant and turned the cocaine, along with the audio and video equipment, over to Agent White. Richardson had no control over the operation of the audio and video equipment; the equipment was started and stopped by Agent Fuqua.

At trial, Richardson identified the appellant as the person from whom he had purchased the cocaine. Agent Fuqua testified that, in addition to seeing the videotape of the sale, he had known appellant for many years. Agent Fuqua stated that he had known appellant since elementary school and that he was definitely the person depicted in the videotape selling cocaine to Richardson. The jury was allowed to view the videotape as well as a frozen still shot of the individual who sold the cocaine to Richardson.

The appellant, however, testified that he was not the individual depicted in the videotape. Appellant further testified on cross-examination that he knew the person depicted in the tape selling cocaine, and identified that individual as "Blue" from Miami. The appellant also testified that "Blue" used to work at Shoney's, and people often confused the two of them.

1. Appellant alleges as his first enumeration of error the failure of the trial court to charge on the defense of alibi. "The defense of alibi involves the impossibility of the accused's presence at the scene

of the offense at the time of its commission. The range of the evidence in respect to time and place must be such as reasonably to exclude the possibility of presence." OCGA § 16-3-40.

In the case sub judice, while counsel for the appellant reserved the right to make exception after the charges were given, he did not make a written request for the trial court to charge on the defense of alibi. Furthermore, it is clear from reading the transcript that appellant's counsel did not orally request a charge on alibi and waived any charge on such defense. At the pre-charge conference, counsel for the appellant stated "there's no request for an alibi, he didn't know where he was. There is no alibi defense. What we are working on is a defense of misidentification."

Even if the defense of alibi had been raised by the evidence, a specific charge on alibi was not required, absent a written request, if the court's charge as a whole covered such defense. The true effect of an alibi defense is to traverse the state's proof that the accused committed the crime, therefore, "when a trial court does charge the jury, as it did here, completely and correctly on defendant's presumption of innocence, on the State's burden of proof and on credibility of witnesses, and the State produces evidence sufficient to prove defendant's guilt beyond a reasonable doubt, a specific charge on alibi is not mandated absent a request." *Green v. State*, 219 Ga. App. 24, 27 (464 SE2d 21) (1995); *Rivers v. State*, 250 Ga. 288, 299-300 (298 SE2d 10) (1982). There was no error in the trial court's failure to charge on alibi. "The court's instruction to the jury, when viewed as a whole, fairly and accurately presented the relevant considerations. [Cits.]" *Stewart v. State*, 172 Ga. App. 450, 452 (323 SE2d 652) (1984).

2. In the second enumeration of error, the appellant contends that "the trial court erred in failing to charge the jury that the state had the burden to prove that someone other than the appellant committed the crime."

Pretermitting the fact that, in Division 1, this Court held the defendant did not present any evidence to raise the defense of alibi, it is only affirmative defenses that the state has the burden of disproving beyond a reasonable doubt. *State v. McNeill*, 234 Ga. 696 (217 SE2d 281) (1975). Affirmative defenses are those in which the defendant admits doing the act charged, but seeks to justify, excuse, or mitigate it. *State v. Moore*, 237 Ga. 269 (227 SE2d 241) (1976); *Perkins v. State*, 151 Ga. App. 199 (259 SE2d 193) (1979).

The Georgia Supreme Court analogized the standard for charging on alibi to that of affirmative defenses in *Rivers v. State*, supra, however, such analogy does not apply any further; the burden placed on the state of disproving an affirmative defense beyond a reasonable doubt does not apply to the defense of alibi. "Alibi is not truly an independent affirmative defense. It is simply evidence in support of a

defendant's plea of not guilty, and should be treated merely as 'evidence tending to disprove one of the essential factors in the case of the prosecution, that is, presence of the defendant at the time and place of the alleged crime.' *Stump v. Bennett*, 398 F2d 111, 115 [(8th Cir. 1968)]; 21 AmJur2d 206, § 136; Anno. 29 ALR 1139; 67 ALR 138, 141; 124 ALR 471, 474." *Parham v. State*, 120 Ga. App. 723, 727 (171 SE2d 911) (1969). An alibi defense creates a reasonable doubt on behalf of the accused, and the state has the risk of failure to carry the burden of persuasion and, as a consequence, may fail to carry the standard of proof beyond a reasonable doubt.

With a legal affirmative defense, the accused admits the elements of the crime, but seeks to justify, excuse, or mitigate by showing no criminal intent; all elements of the parts of the crime are admitted with the exception of the intent. All defenses which have been held to be statutory affirmative defenses meet this criteria; i.e., justification, self-defense or defense of others, rendering assistance to law enforcement officers, defense of habitation, defense of property other than habitation, entrapment, and coercion. See OCGA §§ 16-3-20 through 16-3-28. Each of these affirmative defenses requires that the defendant admit the crime before he can raise such defense. In fact, even under the more general provision of OCGA § 16-3-20 (6), the defense of justification can only be claimed "[i]n all other instances which stand upon the same footing of reason and justice as those enumerated in this article [Article 2 of Chapter 3 of Title 16]."

Therefore, contrary to appellant's assertions, the question that is before this Court is simply one of the sufficiency of the evidence. "On appeal we must view the evidence in the light most favorable to the verdict, [Hightower] no longer enjoys the presumption of innocence, and we do not weigh the evidence nor judge the credibility of the witnesses. Further, we do not speculate which evidence the jury chose to believe or disbelieve." (Citations and punctuation omitted.) *Thompson v. State*, 210 Ga. App. 655, 656 (436 SE2d 799) (1993). The evidence presented at trial was sufficient to authorize a rational trier of fact to find the appellant guilty beyond a reasonable doubt of violation of the Georgia Controlled Substances Act (distribution of cocaine). *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED FEBRUARY 17, 1997.

*Harold D. McLendon*, for appellant.

*Ralph M. Walke, District Attorney, Louie C. Fraser, Assistant District Attorney*, for appellee.