## S98G0468. THE STATE v. HINSON.
(506 SE2d 870)

CARLEY, Justice.

Fitzgerald Hinson was tried before a jury and found guilty of trafficking in cocaine, possession of cocaine with intent to distribute, and possession of a firearm during the commission of a crime. The trial court entered judgments of conviction and sentences, and subsequently denied Hinson's motion for new trial. The Court of Appeals reversed, relying on *Belt v. State*, 227 Ga. App. 425 (1) (489 SE2d 157) (1997) as authority for holding that "the trial court committed reversible error in failing to give, sua sponte, a limiting instruction contemporaneous with the admission of extrinsic acts or similar crimes evidence." *Hinson v. State*, 229 Ga. App. 840, 842 (3) (494 SE2d 693) (1997). We granted the State's petition for certiorari to consider this holding of the Court of Appeals. Here, the trial court gave a limiting instruction during its general charge to the jury. In *Belt v. State*, supra, the trial court gave no limiting instruction on similar transaction evidence at any time. Even so, this Court reversed the judgment in *Belt*, holding that, in the absence of a request, a trial court has no obligation to give a limiting instruction regarding similar transaction evidence. *State v. Belt*, 269 Ga. 763 (505 SE2d 1) (1998). Thus, in this case, the Court of Appeals erred in requiring that a trial court give a contemporaneous limiting instruction without request. Regardless of when the defendant wishes the jury instructed on the limited admissibility of similar transaction evidence, it is incumbent upon him to make a timely request to the trial court for such a charge.

*Judgment reversed. All the Justices concur, except Fletcher, P. J., who dissents.*

FLETCHER, Presiding Justice, dissenting.

Legal scholars recognize that uncharged misconduct or prior acts, confusingly labeled "similar transactions" by Georgia courts, is one of the most misunderstood areas of evidence law;[1] is highly or unduly prejudicial to the accused;[2] and creates a high risk of a jury reaching a verdict on an improper basis,[3] i.e., because the accused has bad character or committed some bad act in the past. Both my private studies and my experience on this Court compel me to agree.

Appellate decisions in recent decades and the issues presented in countless cases confirm that all too often neither the courts nor the

---

[1] Edward J. Imwinkelreid, *Uncharged Misconduct Evidence*, preface (1996); Paul S. Milich, *Georgia Rules of Evidence*, § 11.1 (1995).

[2] Imwinkelreid, *Uncharged Misconduct Evidence* at § 1:02.

[3] Id. at § 1:03.

parties understand the analysis required to properly determine whether such evidence should be admitted: Is it logically relevant to prove a material issue in dispute or is it really a pretense for the admission of evidence that the defendant has the propensity to commit the crime with which he is charged. Of course, if the sole purpose of the evidence is to raise this inference of propensity, it is inadmissible.[4] In addition to the lack of analysis, in most instances, there is no application of a meaningful balancing test that considers whether the probative value substantially outweighs the prejudicial effect and the need for the evidence on the issue for which it is introduced.

This being the most misunderstood area of evidence law, I conclude that it is unrealistic to expect or believe that a jury not properly instructed can help but use the evidence for an improper purpose and will all too often arrive at a verdict based on prejudice rather than evidence proving the accused's guilt beyond a reasonable doubt.

Because failure to provide proper limiting instructions denies the accused of the fundamentally fair trial required by due process and because I remain convinced that this court incorrectly decided *State v. Belt*,[5] I respectfully dissent.

DECIDED OCTOBER 5, 1998.

*J. Tom Morgan, District Attorney, Benjamin M. First, Barbara B. Conroy, Assistant District Attorneys,* for appellant.
*Manning & Leipold, Calvin A. Leipold, Jr., Edward F. O'Connor,* for appellee.

---

[4] *Barrett v. State*, 263 Ga. 533, 534 (436 SE2d 480) (1993).
[5] 269 Ga. 763 (505 SE2d 1) (1998).
[1] *George v. State*, 229 Ga. App. 632 (494 SE2d 526) (1997).