A98A1366. WARREN v. THE STATE.
(509 SE2d 82)

BLACKBURN, Judge.

Carl Warren was convicted of one count of aggravated battery and two counts of aggravated assault. He appeals, contending: (1)

that the trial court erred in failing to give, sua sponte, a limiting instruction contemporaneous with the admission of evidence of prior difficulties between Warren and one of the victims and (2) that the limiting instruction given at the close of evidence was inadequate. For the reasons discussed below, we affirm.

1. The evidence at trial showed that Warren was involved in a violent argument with his wife and father-in-law which resulted in injuries to both victims. The State also presented evidence of a prior incident in which Warren had hit his wife in the face. Warren did not request and the trial court did not give a limiting instruction at the time this evidence was introduced, although the court did give a limiting instruction during the general charge at the close of evidence.

The issues of the giving of a limiting instruction in connection with similar transaction evidence, the necessity of the defendant requesting such charge in writing, and the timing of the giving of a limiting charge where required have been before the appellate courts in numerous cases recently.

Our Supreme Court's recent decisions in *State v. Belt*, 269 Ga. 763 (505 SE2d 1) (1998) (*Belt II*) and *State v. Hinson*, 269 Ga. 862 (506 SE2d 870) (1998) (*Hinson II*), addressed issues related to limiting instructions and similar transactions. In *Belt v. State*, 227 Ga. App. 425 (1) (489 SE2d 157) (1997) (*Belt I*), no limiting instruction was requested by the defendant or given by the trial court. The Court of Appeals reversed, stating that a limiting instruction must be given by the trial court even absent a written request by the defendant and further provided that the better practice would be for the trial court to give such charge at the time the evidence is introduced.

In *Hinson v. State*, 229 Ga. App. 840, 842 (3) (494 SE2d 693) (1997) (*Hinson I*), the Court of Appeals reversed, holding that even though the trial court gave a limiting instruction during its general charge, "the trial court committed reversible error in failing to give, sua sponte, a limiting instruction *contemporaneous with the admission* of extrinsic acts or similar crimes evidence." (Emphasis supplied.) *Hinson I* purported to be controlled by *Belt I*, but, in fact, made compulsory, that which was recommended in *Belt I*.

Our Supreme Court granted certiorari in both these cases. In *Belt II*, the Supreme Court held that it is not reversible error for a trial court not to instruct a jury at any time that similar transaction evidence admitted for a limited purpose must be considered only for that limited purpose, absent a proper written request by a defendant for such charge. The Supreme Court further noted, however, "that, although a trial judge is not required in the absence of a request to give a limiting instruction when similar transaction evidence is admitted, it would be better for the trial judge to do so." *Belt II*, supra at 765.

In *Hinson II*, our Supreme Court held that "the Court of Appeals erred in requiring that a trial court give a contemporaneous limiting instruction *without request*. Regardless of when the defendant wishes the jury instructed on the limited admissibility of similar transaction evidence, it is incumbent upon him to make a timely request to the trial court for such a charge." *Hinson II*, supra at 862.

Neither *Belt II* nor *Hinson II* specifically answers the question of whether the trial court is required to give a limiting instruction at the time the similar transaction evidence is introduced where timely and properly requested rather than as a part of the closing charge.

Here, Warren did not request a limiting instruction at any time, but the trial court gave an instruction in its closing charge to the jury. Based on *Belt II* and *Hinson II*, the trial court was not required to give a limiting instruction at all under the facts of this case. It was not error for the trial court to fail to give a limiting instruction sua sponte on the limited use of prior difficulties evidence absent a timely request to do so.

2. Warren erroneously contends that the trial court's instruction regarding the prior difficulties evidence was improper. The instruction, however, was from the suggested pattern jury instruction and has previously been upheld by our Supreme Court in *Kettman v. State*, 257 Ga. 603, 605-606 (7) (362 SE2d 342) (1987).

*Judgment affirmed. McMurray, P. J., and Eldridge, J., concur.*

DECIDED NOVEMBER 6, 1998.

*James D. Michael*, for appellant.

*J. Tom Morgan, District Attorney, Maria Murcier-Ashley, Assistant District Attorney*, for appellee.