A98A1729. MOBLEY v. THE STATE.
(508 SE2d 778)

BLACKBURN, Judge.

John E. Mobley appeals his conviction of aggravated assault and cruelty to children following a jury trial. He contends that the trial court erred in failing to give, without a request, a limiting instruction regarding the treatment of similar transaction evidence contemporaneous with the introduction of that evidence. For the reasons set forth below, we affirm.

The issues of the giving of a limiting instruction in connection with similar transaction evidence, the necessity of the defendant requesting such charge in writing, and the timing of the giving of a limiting charge where required, have been before the appellate courts in numerous cases recently.

Our Supreme Court's recent decisions in *State v. Belt,* 269 Ga. 763 (505 SE2d 1) (1998) (*Belt II*) and *State v. Hinson,* 269 Ga. 862 (506 SE2d 870) (1998) (*Hinson II*), addressed issues related to limiting instructions and similar transactions. In *Belt v. State,* 227 Ga. App. 425 (1) (489 SE2d 157) (1997) (*Belt I*), no limiting instruction was requested by the defendant or given by the trial court. The Court of Appeals reversed, stating that a limiting instruction must be given by the trial court even absent a written request by the defendant, and further provided that the better practice would be for the trial court to give such charge at the time the evidence is introduced.

In *Hinson v. State,* 229 Ga. App. 840, 842 (3) (494 SE2d 693) (1997) (*Hinson I*), the Court of Appeals reversed, holding that even though the trial court gave a limiting instruction during its general charge, "the trial court committed reversible error in failing to give, sua sponte, a limiting instruction *contemporaneous with the admission* of extrinsic acts or similar crimes evidence." (Emphasis supplied.) *Hinson I* purported to be controlled by *Belt I,* but, in fact, made compulsory, that which was recommended in *Belt I.*

Our Supreme Court granted certiorari in both these cases. In *Belt II,* the Supreme Court held that it is not reversible error for a

trial court not to instruct a jury at any time that similar transaction evidence admitted for a limited purpose must be considered only for that limited purpose, absent a proper written request by a defendant for such charge. The Supreme Court further noted however, "that, although a trial judge is not required in the absence of a request to give a limiting instruction when similar transaction evidence is admitted, it would be better for the trial judge to do so." *Belt II*, supra at 765.

In *Hinson II*, our Supreme Court held that "the Court of Appeals erred in requiring that a trial court give a contemporaneous limiting instruction *without request*. Regardless of when the defendant wishes the jury instructed on the limited admissibility of similar transaction evidence, it is incumbent upon him to make a timely request to the trial court for such a charge." (Emphasis supplied.) *Hinson II*, supra at 862.

Neither *Belt II* nor *Hinson II* specifically answer the question of whether the trial court is required to give a limiting instruction at the time the similar transaction evidence is introduced where timely and properly requested, rather than as a part of the closing charge.

This case is controlled by *Hinson II* in which the Supreme Court held it was not reversible error for a trial court to fail to give a limiting instruction on similar transaction evidence at the time of its admission, in the absence of a request to do so. A timely request to charge is necessary regardless of when the charge is to be given. Here, Mobley did not request that a limiting instruction be given until the parties rested, at which time the instruction was given. Like the defendant in *Hinson*, Mobley received a limiting instruction during the court's general charge to the jury.

*Judgment affirmed. McMurray, P. J., and Eldridge, J., concur.*

DECIDED NOVEMBER 6, 1998.

*John L. Tracy*, for appellant.

*Kenneth B. Hodges III, District Attorney, Gregory W. Edwards, Assistant District Attorney*, for appellee.