A98A2467. STONE v. THE STATE.
(511 SE2d 915)

RUFFIN, Judge.

A jury found Randall Stone guilty of possession of a dangerous weapon, a razor blade, by an inmate. On appeal, Stone contends that the trial court erred in (1) failing to charge the jury with his sole defense; (2) failing to give the jury contemporaneous limiting instructions at the time similar transaction evidence was admitted; and (3) misstating the purpose for which the similar transaction evidence had been admitted during its charge to the jury. Because these con-

---

tentions are without merit, we affirm.

We note initially that Stone has failed to file a separate enumeration of errors as required by Court of Appeals Rule 22 (a). This Court does not look with favor upon one who fails to follow the rules of this Court. We remind Stone that failure to comply with this Court's rules may "subject[ ] the offending party and/or attorney to contempt and may subject the appeal to dismissal or cause [appellant's] brief to be stricken." Court of Appeals Rule 7; see also *Leslie v. Williams*, 235 Ga. App. 657, 663-665 (510 SE2d 130) (1998) (Ruffin, J., dissenting). Nevertheless, we elect to address the enumerations as framed by Stone in his brief.

1. Stone maintains that the trial court erred in failing to charge the jury that the razor blade found in his possession was not a dangerous weapon. However, because he failed to request such a charge in writing, he cannot complain on appeal of the trial court's failure to do so. See *Sparks v. State*, 232 Ga. App. 179, 180 (1) (501 SE2d 562) (1998).

Stone relies upon the proposition that "[f]ailure to give a charge on a defendant's sole defense is error regardless of whether the defendant requested a charge on the defense." *Benefield v. State*, 204 Ga. App. 87 (418 SE2d 447) (1992). However, Stone's contention that the razor blade was not a dangerous weapon is not a "defense," but is a contention that the State failed to prove an essential element of the crime. See OCGA § 42-4-13 (b) (1) (unlawful for inmate to possess a "dangerous weapon"). Accordingly, Stone's suggested charge is not subject to the rule that a court must charge a defendant's sole defense, even in the absence of an objection. See *Muhammed v. State*, 243 Ga. 404, 406 (1) (254 SE2d 356) (1979).

In any event, whether the razor blade constituted a "deadly weapon" was a matter for the jury to decide. See, e.g., *Quarles v. State*, 130 Ga. App. 756, 757 (2) (204 SE2d 467) (1974) ("whether the instrument used constitutes a deadly weapon [in an aggravated assault case] is properly for the jury's determination"). Although not raised in his enumerations, we also reject Stone's argument that the trial court should have defined "dangerous weapon" for the jury, because "the words 'dangerous weapon' as used in [OCGA § 42-4-13 (b) (1)] are not words of art but rather are words of common understanding and meaning which require no definition themselves for understanding by the jury." *Baird v. State*, 201 Ga. App. 378 (411 SE2d 332) (1991) (construing OCGA § 16-10-52 (b), escape while armed with dangerous weapon).

2. Stone asserts that the trial court erred in failing to give, sua sponte, a limiting instruction contemporaneous with its admission of similar transaction evidence showing that Stone had previously been found in possession of a toothbrush with a sharpened point. This

assertion has been decided adversely to Stone in *State v. Hinson*, 269 Ga. 862 (506 SE2d 870) (1998). "Regardless of when the defendant wishes the jury instructed on the limited admissibility of similar transaction evidence, it is incumbent upon him to make a timely request to the trial court for such a charge." Id. See also *State v. Belt*, 269 Ga. 763 (505 SE2d 1) (1998); *Warren v. State*, 235 Ga. App. 145, 146-147 (1) (509 SE2d 82) (1998). Accordingly, the trial court did not err in failing to give a contemporaneous limiting instruction absent a request therefor.

3. Stone contends that in its charge at the close of evidence, the trial court erred in instructing the jury that the similar transaction evidence could be considered for purposes other than showing his course of conduct, which was the only purpose for admission articulated by the court at the Uniform Superior Court Rule 31.3 (B) hearing. However, when asked if he had any objections to the charge, Stone's attorney neither raised this objection nor reserved the right to make additional objections. Accordingly, Stone has waived his right to appellate review of this issue. *Hill v. State*, 228 Ga. App. 362, 364 (3) (492 SE2d 5) (1997).

In any event, the court's charge did not constitute a "substantial error . . . which was harmful as a matter of law," so as to be reversible in the absence of objection under OCGA § 5-5-24 (c). "Although there was a difference between the State's stated purpose [course of conduct] and the court's instruction [identity, intent, state of mind], each of the purposes espoused by both the State and the court [was a] permissible" use of similar transaction evidence. *McClain v. State*, 220 Ga. App. 474, 477 (5) (469 SE2d 756) (1996). Stone has not shown he was harmed by the court's alleged error, since he admits that the only issue at trial was whether the razor blade constituted a deadly weapon. Although the additional purposes stated by the court may have been irrelevant, Stone does not show how he was harmed thereby. Accordingly, this enumeration is without merit.

*Judgment affirmed. Pope, P. J., and Beasley, P. J., concur.*

DECIDED FEBRUARY 9, 1999.

*Ballard & Ballard, Scott L. Ballard*, for appellant.
*William T. McBroom III, District Attorney, James E. Hardin, Assistant District Attorney*, for appellee.