## A99A1145. GREEN v. THE STATE.
### (525 SE2d 154)

RUFFIN, Judge.
Addie L. Green was charged with family violence battery and obstruction of a police officer. Following a jury trial, she was convicted of obstruction but acquitted of battery. She appeals, contending that the trial court committed several errors, primarily with respect to jury charges. Because each of these contentions is without merit, we affirm.

On September 4, 1998, Officer Brian Palmer was sent to investigate a domestic disturbance at a residence in Clayton County where Green and her brother lived. As he approached the house, Palmer noticed Green lying in a nearby driveway. Palmer testified that she had no visible injuries but appeared "very agitated." Palmer stayed with her until other officers arrived, at which time he went to Green's house, where he spoke with her brother and their mother. At some point, Green was placed in Officer Vest's patrol car and brought back to the house. She was told that she was not under arrest at this time.

While Green was seated in the back of Officer Vest's vehicle, Officer Palmer interviewed Green's brother and their mother. Both of these individuals told Palmer that Green had struck her brother with an iron pole during an argument. After interviewing these witnesses and while they were preparing their written statements, Officer Palmer went outside to place Green under arrest for battery. It was at this time that Green committed the acts forming the basis for the obstruction charge. According to Officer Palmer, when the officers attempted to put handcuffs on Green, she became combative and "tossed us around for a few minutes . . . [and] kicked me one time." Palmer testified that it took three officers to bring Green to the ground and place handcuffs on her. Green admitted that she was aware Officer Palmer was a police officer; that it took three officers to take her into custody; that she physically resisted their efforts to take her into custody; and that she might have kicked Officer Palmer. However, she testified that the officers did not tell her she was under arrest until after the handcuffs had been placed on her.

1. Green contends the trial court erred in failing to charge that

"[e]very person has the right to resist an illegal arrest, and may use, in resisting that arrest, such force as is necessary for the purpose of resisting such an arrest."[1] She contends that such a charge was required because her "sole defense" was that she was justified in resisting an unlawful arrest. The State, on the other hand, argues that a challenge to the legality of the arrest "is not a 'defense,' but is a contention that the State failed to prove an essential element of the crime."[2] Because the trial court properly instructed the jury on the essential elements of the crime, the State contends that an additional charge on the right to resist an unlawful arrest was not required. For the reasons discussed below, we agree that the trial court did not err in refusing to give Green's charge.

Under OCGA § 16-10-24 (a), a person commits the offense of obstruction of a law enforcement officer when she "knowingly and willfully obstructs or hinders any law enforcement officer in the lawful discharge of his official duties." Consequently, as an essential element of a prosecution for this offense, the State must prove that the officer was in the lawful discharge of his official duties at the time of the obstruction.[3]

An officer may be engaged in the lawful discharge of his official duties even if he does not have probable cause to arrest an individual. Thus, for example, an individual who obstructs an officer during the investigation of a crime may be guilty of obstruction notwithstanding the lack of probable cause to arrest that individual. In the present case, however, the acts of obstruction committed by Green consisted of her attempts to resist arrest. If the arrest itself was unlawful, then the officers would not have been acting in the lawful discharge of their official duties by attempting to arrest Green, and her resistance to the arrest would not constitute obstruction.[4] Consequently, under the facts of this case, the State was required to prove the lawfulness of the arrest in order to prove an essential element of the offense.

The trial court correctly instructed the jury on the essential elements of the offense, charging that "a person commits the offense of obstruction of an officer when that person knowingly and willfully obstructs or hinders a law enforcement officer in the lawful discharge

---

[1] Although the written request to charge is not included in the record, the State admits the language of the request in its brief. Because of our ruling, it is not necessary to decide whether Green waived the right to raise this issue on appeal by failing to include the written request in the record.

[2] See *Stone v. State*, 236 Ga. App. 365, 366 (1) (511 SE2d 915) (1999).

[3] See *Dixon v. State*, 154 Ga. App. 828 (1) (269 SE2d 909) (1980).

[4] See *Brown v. State*, 163 Ga. App. 209, 212 (4) (c) (294 SE2d 305) (1982) ("a police officer is *not* discharging his lawful duty when he arrests an individual without reasonable or probable cause") (emphasis in original).

of his official duties." The trial court also instructed the jury that the State has the burden of proving every essential element of the crime charged beyond a reasonable doubt. Furthermore, the trial court correctly charged that a law enforcement officer may arrest an individual without a warrant if the officer has probable cause to believe that an act of family violence has been committed.

Green's characterization of her challenge to the legality of the arrest as an affirmative defense is erroneous. We have previously held that

> [w]ith a legal affirmative defense, the accused admits the elements of the crime, but seeks to justify, excuse, or mitigate by showing no criminal intent; all elements of the parts of the crime are admitted with the exception of the intent. All defenses which have been held to be statutory affirmative defenses meet [these] criteria[,] i.e., justification, self-defense or defense of others, rendering assistance to law enforcement officers, defense of habitation, defense of property other than habitation, entrapment, and coercion. See OCGA §§ 16-3-20 through 16-3-28. Each of these affirmative defenses requires that the defendant admit the crime before he can raise such defense. In fact, even under the more general provision of OCGA § 16-3-20 (6), the defense of justification can only be claimed "(i)n all other instances which stand upon the same footing of reason and justice as those enumerated in this article (Article 2 of Chapter 3 of Title 16)."[5]

In raising the "defense" that the arrest was unlawful, Green is not admitting the essential elements of the crime of obstruction, but is asserting that the State failed to prove an essential element — that the officers were acting in the lawful discharge of their official duties by attempting to arrest her. If the arrest was unlawful, then Green's resistance would not constitute obstruction, and there would be no need for her to rely on a "defense" of justification. Thus, under the facts of this case, the alleged unlawfulness of the arrest is not an affirmative defense to the charge as suggested by Green.[6]

Jury instructions must be viewed as a whole, and it is not error

---

[5] *Hightower v. State*, 224 Ga. App. 703, 705 (2) (481 SE2d 867) (1997).

[6] It is true that, in certain cases, justification based on a right to resist an unlawful arrest may constitute an affirmative defense. For example, in *Smith v. State*, 84 Ga. App. 79 (65 SE2d 709) (1951), the defendant was charged with assault and battery upon a police officer who was attempting to make an illegal arrest. The defendant raised as an affirmative defense the issue of justification based on the right to resist an unlawful arrest. In that case, however, where the defendant was not charged with obstruction, the lawfulness of the arrest was not an essential element of the crimes charged.

to refuse to give a requested charge "when the same principles are fairly given to the jury in the general charge of the court."[7] In this case, the jury was instructed, among other things, that the State must prove beyond a reasonable doubt that the officer was acting in the lawful discharge of his official duties. If the jury determined that the arrest was unlawful, it would have been required to acquit Green because of the State's failure to prove an essential element of the crime, not because her resistance was "justified." Thus, a charge on the right to resist an unlawful arrest would have added little, if anything, to the court's charge and would certainly not have aided the jury in determining what constitutes an unlawful arrest. Because the principle of Green's suggested charge was fairly covered by the remainder of the court's charge, the trial court did not err in refusing to give the charge.

2. In a separate enumeration, Green contends that the trial court erred in finding as a matter of law that her arrest was legal. It is true that, as discussed above, the legality of the arrest was a matter for the jury to decide in determining whether the State had proven the essential elements of the crime beyond a reasonable doubt. Unlike in a civil case, the trial court in a criminal case may not direct a verdict for the State on an essential element, no matter how compelling the evidence.[8] This is because "[a]lthough a jury has a duty to convict when the evidence proves guilt beyond a reasonable doubt, its duty is distinct from its power, and a jury has the power to acquit the defendant even if its verdict is contrary to the law and the evidence."[9] However, although the trial court stated outside the presence of the jury that it believed there was probable cause for the arrest, the legality of the arrest was in fact submitted to the jury, which was instructed on the State's burden to prove all essential elements of the offense. Accordingly, this enumeration presents no basis for reversal.

3. Green contends that the trial court erred in failing to charge on an arresting officer's duty to identify himself and to inform the accused of the nature of the charge against her. The written request to charge is not contained in the record. However, the State admits the language of the request in its brief, stating that the charge read as follows: "It is the duty of the officer to disclose his official character to the person whom he is arresting and the officer must inform the accused of the nature of the charge." Pretermitting whether Green waived this enumeration by failing to include the written request in the record, the trial court did not err in failing to give the charge

---

[7] (Punctuation omitted.) *Shirley v. State*, 245 Ga. 616, 619 (3) (266 SE2d 218) (1980).
[8] See *Johnson v. State*, 223 Ga. App. 294, 295 (1) (477 SE2d 439) (1996).
[9] Id.

because it is not a complete and accurate statement of the law. The correct principle, as set forth by the Supreme Court in *Morton v. State*,[10] is as follows: "It is the duty of an officer, when authorized to arrest, *but where the circumstances afford reason to believe that his object and official character are unknown to the person whom he seeks to arrest*, so to inform him."[11]

As we have held previously, "[a] request to charge itself must be correct, legal, apt, even perfect, and precisely adjusted to some principle involved in the case. If *any portion* of the request is inapt or incorrect, denial of the request is proper."[12] Because Green's requested charge was not a complete and accurate statement of the law, the trial court did not err in refusing to give it.

4. Green contends that the trial court erred in refusing to instruct the jury on when an individual is under arrest. Again, although the written request to charge is not included in the record, the State admits that the language of the request was as follows: "Where a person is in the custody of law enforcement and is not free to leave, that person is under arrest." Pretermitting whether Green waived the right to assert this enumeration on appeal, she has failed to show how such an instruction would have been relevant to any issue in this case, or how she was harmed by the failure to give such an instruction. The relevant issue in this case was whether the officers were acting in the lawful performance of their official duties at the time Green committed the acts of obstruction. Moreover, Green's proposed instruction is not a complete statement of the law. As we have previously held, "not every detention is an arrest."[13] Rather, "[a] person is under arrest if he is not free to leave *and a reasonable person in his position would not think that the detention was temporary*."[14] Because Green's proposed charge was not a complete and accurate statement of the law, the trial court did not err in refusing to give it.

5. Finally, Green contends that "[t]he trial court erred in failing to instruct the jury on what constituted an illegal arrest." However,

---

[10] 190 Ga. 792, 799 (1) (a) (10 SE2d 836) (1940).

[11] (Emphasis supplied.) Id. Although the remainder of the rule is not applicable in this misdemeanor case, the rule continues as follows:

> but an omission to do so will not justify the person arrested, or sought to be arrested, in resisting the arrest if he in fact already knows, or on reasonable and probable grounds believes, that he is under a charge of felony for which an arrest is being attempted.

Id.

[12] (Punctuation omitted; emphasis in original.) *Woityra v. State*, 213 Ga. App. 89 (1) (443 SE2d 867) (1994).

[13] *Smith v. State*, 236 Ga. App. 548, 551 (2) (512 SE2d 19) (1999).

[14] (Emphasis supplied.) *Brantley v. State*, 226 Ga. App. 872, 874 (2) (b) (487 SE2d 412) (1997).

the record does not reflect that Green requested such a charge in writing, and her appellate brief does not specify what charge she believes should have been given. Accordingly, this enumeration is without merit.[15]

*Judgment affirmed. Johnson, C. J., Pope, P. J., Andrews, P. J., Smith and Eldridge, JJ., concur. McMurray, P. J., dissents.*

McMURRAY, Presiding Judge, dissenting.

I respectfully dissent because I believe the trial court erred in rejecting defendant Addie Green's requested jury instruction on her only defense at trial — i.e., a person's right to resist an unlawful arrest. Justification based on a person's right to resist an unlawful arrest is a recognized defense in Georgia. See OCGA § 16-3-20 (5), (6); *Davis v. State*, 172 Ga. App. 193, 194 (1) (322 SE2d 497). Since defendant Green justified her resistance to arrest based on her perception that she was being illegally restrained by a law enforcement officer, the trial court erred in failing to charge the jury as to a person's right to resist an unlawful arrest. A trial court must charge the jury on a defendant's sole defense, even without a written request, if the circumstances support the charge. *Tarvestad v. State*, 261 Ga. 605, 606 (409 SE2d 513).

The evidence which authorized defendant Green's conviction reveals that she resisted arrest during a domestic violence investigation at her home. Defendant explained that she resisted a law enforcement officer's efforts to handcuff her because the officer did not inform her that she was under arrest and because other officers informed her during their investigation that she was not under arrest. With this proof and other testimony regarding the circumstances of her arrest, defendant contends the trial court erred in rejecting her requested jury instruction on a person's right to resist an unlawful arrest. The trial court reasoned during the charge conference that such a charge was not authorized because the investigating officers had probable cause to arrest defendant. I believe this was error because the legality of defendant's arrest was a question of fact for the jury. *Davis v. State*, 172 Ga. App. at 194 (1), supra.

Citing *Stone v. State*, 236 Ga. App. 365 (511 SE2d 915), the majority accepts the State's contention that a charge on justification based on the right to resist an unlawful arrest was not required because such a charge speaks only to the sufficiency of the evidence. In *Stone*, the defendant was charged with possession of a dangerous weapon, a razor blade, by an inmate. Although the defendant's sole defense in *Stone* was that his razor blade was not a dangerous

---

[15] See *Stone v. State*, supra at 366 (1); *Pouncey v. Adams*, 206 Ga. App. 126, 129-130 (2) (424 SE2d 376) (1992).

weapon, this Court held that the trial court did not err in refusing to instruct the jury that the defendant's razor was not a dangerous weapon because such an instruction would have spoken to the weight of the evidence regarding an essential element of the crime charged, not a recognized criminal defense. Id. at 366 (1). This holding is supported by reference to the rule in *Muhammad v. State*, 243 Ga. 404, 406 (1) (254 SE2d 356), which provides that a trial court is not required to instruct that mere presence at the crime scene is insufficient to authorize a conviction because, even where "mere presence" is asserted as the sole defense, such a charge does not go to a recognized defense but "is really a corollary to the requirement that the [S]tate prove each element of the offense charged." Id. I do not believe that the same reasoning applies in the case sub judice because justification based on a person's right to resist an unlawful arrest is a recognized defense in Georgia. See OCGA § 16-3-20 (5), (6); *Davis v. State*, 172 Ga. App. at 194 (1), supra.

Since defendant justified her resistance to arrest based on her perception that she was being illegally restrained by a law enforcement officer, I believe the trial court erred in failing to charge the jury as to a person's right to resist an unlawful arrest. This is so because a trial court must charge the jury on a defendant's sole defense, even without a written request, if the circumstances support the charge. *Tarvestad v. State*, 261 Ga. at 606, supra.

DECIDED NOVEMBER 12, 1999 — 

*Robert L. Mack, Jr.*, for appellant.

*Keith C. Martin, Solicitor, Michael L. Tripp, Assistant Solicitor*, for appellee.