74659. NEWBERRY v. THE STATE.
(357 SE2d 309)

DEEN, Presiding Judge.

The appellant, Earnest Newberry, was convicted of armed robbery, burglary, and possession of a firearm during commission of a felony. We affirm.

At approximately 5:00 a.m. on January 19, 1986, two masked intruders entered through the window of the apartment of Mr. and Mrs. Keith. Awakened by the entry, the two victims struggled, but the intruders eventually subdued them and confiscated over $200. One intruder wielded a pistol, while the other carried a knife, and both repeatedly demanded money. At some point, the pistol-packing intruder went upstairs, and when he returned he had removed his ski mask. Mrs. Keith instantly recognized him as the appellant, whom she knew as a fellow resident in the same apartment complex. Mr. Keith's head was covered, but he also recognized the voice and manner of speaking of this particular intruder as that of the appellant.

The appellant presented an alibi defense, claiming that he had visited his mother in Hawkinsville that weekend and had not returned to Atlanta until the evening after this incident. Two cohorts corroborated the appellant's testimony, stating that they had accompanied him to Hawkinsville that weekend. *Held*:

1. Newberry contends that the evidence was insufficient to support the conviction. However, viewed in the light most favorable to the jury verdict, the evidence authorized a rational trier of fact to find the appellant guilty beyond a reasonable doubt of the offenses as charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. After instructing the jury on when a person is a party to a crime, the trial court explained that "[t]his was a robbery in this case as alleged in the indictment and it's alleged that there were or contended by the state there were two parties involved, their contention that the defendant here played a certain part in it while another person played another part. So that is why I gave you that particular charge." Relying upon *Coleman v. State*, 211 Ga. 704 (88 SE2d 381) (1955), Newberry contends that this explanation constituted an impermissible expression of an opinion by the trial court.

*Coleman*, where the defendant claimed that he purchased the stolen property from the victim and where the trial court charged the jury that "the evidence shows that there was a robbery and a robbery by force," quite clearly is inapposite here. In this case, Newberry's

defense simply was that he was not a party to the criminal activity, rather than a denial of the fact of the crime, and the trial court's explanation, considered in context, could hardly be mistaken as an expression of opinion on what the evidence showed.

3. After the defense rested, the trial court allowed the state to recall Newberry for further cross-examination. Most of this subsequent inquiry concerned why Newberry, upon being informed that the Keiths were accusing him of the crime, did not approach them and attempt to clear up the matter. Recalling a witness for further examination lies within the discretion of the trial court, and we find no abuse of that discretion in this case. *Dixon v. State*, 116 Ga. 186 (5) (42 SE 357) (1902).

4. Newberry also contends that the prosecutor's reference, during closing argument, to Newberry's failure to contact the victims to clear up what he claimed was a misidentification, constituted an impermissible comment on his right to remain silent. By not objecting to that argument until now, however, Newberry waived any such objection. *Wright v. State*, 255 Ga. 109, 112 (4) (335 SE2d 857) (1985).

*Judgment affirmed. Birdsong, C. J., and Pope, J., concur.*

### DECIDED MAY 13, 1987.

*L. James Weil, Jr.*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Benjamin H. Oehlert III, Harvey W. Moskowitz, Assistant District Attorneys,* for appellee.