## A01A0429. ASKEW v. THE STATE.
### (546 SE2d 15)

PHIPPS, Judge.

Michael Askew, an inmate at a state prison, was charged with knowingly and wilfully obstructing prison guards Taylor and Lee in the lawful discharge of their official duties.[1] The jury found Askew guilty on both counts. He appeals.

1. He first challenges the sufficiency of the evidence to support the verdict on the ground that the testimony of the prison guards was not credible. The sufficiency of the evidence is not, however, subject to challenge on this ground.

> On appeal from a criminal conviction, . . . the evidence is viewed in the light most favorable to the verdict. An appellate court determines only if a rational trier of fact could find all the essential elements of the crime charged beyond a reasonable doubt; the appellate court does not weigh the evidence or determine witness credibility. Conflicts in witness testimony are matters of credibility for the jury to resolve. And as long as there is some evidence, even though contradicted, to support each fact necessary for the state's case, the verdict will be upheld.[2]

It is undisputed that at the time of the incident in this case, Askew was being held in the medical unit of the prison awaiting transfer to another facility, that he objected to the transfer, and that Officers Taylor and Lee entered his cell to escort him out. Officers Taylor, Lee, and Evans testified that, without provocation, Askew pushed Officer Taylor and bit Officer Lee after they came into his cell. Lee and his treating nurse testified that as a result of the bite, he was given HIV and hepatitis tests. Although Askew testified that

---

[1] OCGA § 16-10-24 (b).

[2] (Footnotes omitted.) *Martin v. State,* 246 Ga. App. 708, 709 (1) (541 SE2d 692) (2000).

the officers assaulted him without provocation and that he did not push or bite anyone, the State's evidence authorized the jury to find Askew guilty of the crimes charged beyond a reasonable doubt.

2. Askew next claims that the trial court erred in not allowing him to speak for himself at sentencing. The sentencing transcript belies this assertion.

*Judgment affirmed. Smith, P. J., and Barnes, J., concur.*

DECIDED FEBRUARY 22, 2001.

*McGee & McGee, James B. McGee III,* for appellant.

*Richard E. Currie, District Attorney, James D. Lamb, Assistant District Attorney,* for appellee.