## S07A0277. JOHNSON v. THE STATE.
(642 SE2d 827)

MELTON, Justice.

Following a jury trial, Frederick Darnell Johnson appeals his convictions for felony murder and cruelty to children, arguing that he received ineffective assistance of counsel and that the trial court

erred by not recharging the jury on the affirmative defenses of accident and reasonable discipline of a minor.[1] We affirm.

1. Viewed in the light most favorable to the verdict, the record shows that, in the early morning hours of July 3, 2003, Johnson picked up 21-month-old Jeannetta Denise Adams, shook her, and slammed her head into a wall. At the time, Johnson was living with the victim and her mother, Kimberly Denise Jones. Johnson left the apartment before Ms. Jones called 911, and he threatened to kill her and their son if she told investigators the truth. Initially, Ms. Jones told investigators that the victim's injuries resulted from an accident, but in January 2004, Ms. Jones gave a written statement to investigators claiming that she witnessed Johnson intentionally slam the victim's head into the wall.

At trial, the parties stipulated to the admission of the results of Johnson's polygraph examination, which revealed that Johnson was being deceptive when he told police that the victim's injuries resulted from her merely slipping out of his grasp when he was holding her. Also, expert testimony revealed that the traumatic head injuries that caused the child's death resulted, not from an accident, but from a person violently shaking the child and making the child's head hit "some objects at least once." Further, Ms. Jones testified that she witnessed Johnson slam the child's head into a wall.

The evidence was sufficient to enable a rational trier of fact to find Johnson guilty of all the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Johnson contends that he received ineffective assistance of counsel because his attorney (a) failed to object to the State's introduction of hearsay and evidence of prior abuse committed by him against the victim and Ms. Jones, and (b) failed to move for a mistrial or seek a curative instruction when a witness gave ultimate issue testimony by referring to the victim's death as a "murder." In order to succeed on a claim of ineffective assistance, Johnson must prove both that his trial counsel's performance was deficient and that there is a reasonable probability that the trial result would have been different if not for the deficient performance. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). If an appellant fails to

---

[1] In March 2004, Johnson was indicted in Clayton County for malice murder, felony murder with cruelty to children as the underlying felony, and cruelty to children. Following a jury trial conducted from November 28, 2005 through December 2, 2005, Johnson was acquitted of malice murder and was found guilty of felony murder and cruelty to children. The trial court merged the cruelty to children count into the felony murder count for sentencing purposes, and, on December 2, 2005, Johnson was sentenced to life imprisonment. Johnson filed a motion for a new trial on December 8, 2005, which he amended on December 30, 2005 and August 14, 2006. The motion was denied on August 22, 2006, and Johnson filed a timely notice of appeal on September 21, 2006. His appeal was submitted to this Court for decision on the briefs.

meet his burden of proving either prong of the *Strickland* test, the reviewing court does not have to examine the other prong. Id. at 697 (IV); *Fuller v. State*, 277 Ga. 505 (3) (591 SE2d 782) (2004). In reviewing the trial court's decision, " '[w]e accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts.' [Cit.]" *Robinson v. State*, 277 Ga. 75, 76 (586 SE2d 313) (2003).

(a) Johnson asserts that his attorney erred by not objecting to the admission of Ms. Jones's January 2004 statement to investigators in which she claimed to have witnessed Johnson slam the child into a wall; and by failing to object to Ms. Jones's testimony that Johnson treated the victim "like a step-child" by spanking and hitting the child for petty reasons, abused the victim by tightly placing rubber bands around her wrist and toes, and physically abused Ms. Jones. Pretermitting the question whether trial counsel's decision not to object to this evidence constituted deficient performance, however, in light of the overwhelming evidence of Johnson's guilt, we find that evidence supports the conclusion that it is not reasonably probable that the result of the trial would have been different had counsel objected. See *Earnest v. State*, 262 Ga. 494 (5) (422 SE2d 188) (1992).

(b) Johnson further claims his representation was defective because his attorney did not move for a mistrial or seek a curative instruction when a witness referred to the victim's death as "this murder." Counsel did, however, object to the phrase, and the prosecutor thereafter prompted the witness to rephrase her response. Assuming without deciding that counsel's failure to also move for a mistrial or ask for a curative instruction constituted deficient performance, Johnson still has not shown that the deficient performance was so prejudicial to his defense that, but for counsel's deficiency, there was a reasonable probability that the outcome of the trial would have been different. *Fulton v. State*, 278 Ga. 58, 63 (8) (597 SE2d 396) (2004) (counsel's failure to object to ultimate issue testimony did not so prejudice defendant's defense that there was a reasonable probability that trial outcome would have been different). Accordingly, evidence supported the trial court's conclusion that counsel rendered effective assistance. Id.; see also *Hamilton v. State*, 274 Ga. 582, 588 (13) (555 SE2d 701) (2001) (counsel's failure to move for mistrial based on the placement of photographs on the prosecutor's table did not amount to ineffective assistance where counsel had already objected to the placement of the photographs and the prosecutor agreed to move them).

3. Johnson argues the trial court erred when it recharged the jury on the offenses of murder and felony murder, but failed to recharge on the affirmative defenses of accident and reasonable discipline of a minor as requested by defense counsel. The record reveals, however,

that the jury requested a recharge on malice murder and felony murder only, which the trial court gave. When a jury requests a recharge on a particular point, the trial court has the discretion to recharge in full or only as to the points requested. *Duffie v. State*, 273 Ga. 314 (2) (540 SE2d 194) (2001). The trial court did not abuse its discretion by declining defense counsel's request that the court also recharge the jury on the affirmative defenses. See *Hobson v. State*, 266 Ga. 638 (3) (469 SE2d 188) (1996).

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 26, 2007.

*David J. Walker*, for appellant.

*Jewel C. Scott, District Attorney, Tiffany C. Boulware, Assistant District Attorney, Thurbert E. Baker, Attorney General, Edwina M. Watkins, Assistant Attorney General*, for appellee.