**SECOND DIVISION**
**BARNES, P. J.,**
**ADAMS and MCFADDEN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**August 2, 2012**

# In the Court of Appeals of Georgia

A12A1325. ROBERTS v. THE STATE.

BARNES, Presiding Judge.

A jury convicted Terry Nelson Roberts of armed robbery, theft by taking a motor vehicle, possession of a firearm during the commission of a felony, and, in a bifurcated trial, possession of a firearm by a convicted felon.[1] The trial court denied his motion for new trial. On appeal, Roberts challenges the sufficiency of the evidence and contends that his trial counsel rendered ineffective assistance. We conclude that the evidence was sufficient to sustain the convictions, and that Roberts cannot show that he was prejudiced by his counsel's alleged deficient performance. Accordingly, we affirm.

---

[1] Roberts was acquitted of aggravated assault and hijacking a motor vehicle.

On appeal from a criminal conviction, the defendant is no longer presumed innocent, and we view the evidence in the light most favorable to the jury's verdict. *Vadde v. State*, 296 Ga. App. 405 (674 SE2d 323) (2009). So viewed, the evidence showed that the victim owned two convenience stores in Chatham County. Around midnight on December 4, 2008, the victim closed one of his stores for the night and drove to his second store. The victim planned to close the second store and place the money from the cash registers into the store's safe.

One of the victim's employees rode with him to the second store. The victim parked in front of the store and went inside while his employee remained in the car. After placing the money from the registers into the safe, the victim went back to the front door to lock it for the night. The victim locked the door and was preparing to get inside his car when two men approached him from behind. One of the men hit the victim in the head with a gun, ordered him to open the front door, and said, "Hurry up. Give all the money. Give all the money." The victim unlocked the door, and the gunman forced him to go inside and retrieve the money from the safe.

While the gunman was accosting the victim, the other suspect approached the employee who had remained in the car and said, "Give me the money. Give me the money." The employee opened the passenger door, ran toward the gasoline pumps,

2

and called 911 from his cell phone as the suspect was searching the car. A few minutes later, the employee saw the gunman come out of the store and get inside the victim's car with the other suspect. The two suspects drove off.

The police arrived at the store, and an investigation ensued. Although the gunman's face had been covered with a bandana, the victim recognized his voice, his distinctive walk, and the heavy gold chain he was wearing. Based on these characteristics, the victim identified the gunman as Roberts, who had been a customer at both of the victim's stores since he was about eight years old. The detective assigned to the case prepared a photographic lineup, and the victim identified Roberts as the gunman.

Although the victim's employee also had not seen the faces of the suspects, he noted that one of them was wearing a green jacket with a unique logo on it. The employee recognized the jacket as one he had seen worn by a frequent customer known as "A. K.," whom the employee later identified as Roberts.

Based upon the information received from the victim and his employee, the detective applied for and obtained a search warrant for Roberts's residence. During the search, the police found a green jacket with a unique logo matching the description given by the victim's employee. Additionally, the police located the

3

victim's car that had been stolen, and Roberts's fingerprint was found on the driver's side door.

At the subsequent trial, the victim and his employee testified to the events as previously discussed. The State also called the detective assigned to the case, the officer who lifted the fingerprint from the victim's car, and the expert latent print examiner who matched the fingerprint to Roberts. Additionally, the State introduced into evidence the green jacket with the unique logo seized during execution of the search warrant, as well the recording of a surveillance video from the store. Roberts chose not to testify, but he presented the testimony of his stepfather, who claimed that Roberts did not live at the residence where the search warrant had been executed.

Upon hearing all of the testimony and seeing the surveillance video, the jury found Roberts guilty of armed robbery, theft by taking a motor vehicle, and possession of a firearm during the commission of a felony. Following the guilty verdict on those offenses, the State introduced, without objection, certified records reflecting that Roberts had previously been convicted of aggravated assault, and the jury found him guilty of possession of a firearm by a convicted felon. Roberts moved for a new trial, asserting that his trial counsel had been ineffective. The trial court denied the motion, resulting in this appeal.

1. Contrary to Roberts's assertion on appeal, the combined evidence set out above was sufficient to authorize a rational jury to find him guilty beyond a reasonable doubt of the charged offenses. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See OCGA § 24-4-8 ("The testimony of a single witness is generally sufficient to establish a fact."). "Questions concerning the weight of the evidence and credibility of the witnesses were for the jury to decide." *Johnson v. State*, 289 Ga. App. 206, 208 (656 SE2d 861) (2008).

2. Roberts contends that his trial counsel provided ineffective assistance. To succeed on an ineffective assistance of counsel claim under the test enunciated in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), "[Roberts] must prove both that his trial counsel's performance was deficient and that there is a reasonable probability that the trial result would have been different if not for the deficient performance." *Johnson v. State*, 281 Ga. 770, 771 (2) (642 SE2d 827) (2007). If Roberts cannot establish one of the prongs of the *Strickland* test, he cannot succeed on his ineffective assistance claim, and we need not examine the other prong. Id. at 771-772 (2).

(a) Roberts first contends that his trial counsel was defective in his representation because he did not move for a mistrial or seek a curative instruction

5

when the victim's employee testified that Roberts was nicknamed "A. K." because he talked frequently about AK-47s. His counsel did object to the testimony, and after a sidebar, the trial court directed the State to rephrase the question that had been asked to the employee. Roberts contends that the employee's explanation of how he got his nickname impermissibly placed his character in issue and should have led his trial counsel to go beyond his objection and seek a mistrial or curative instruction.[2]

We need not resolve whether trial counsel's failure to move for a mistrial or ask for a curative instruction constituted deficient performance, because Roberts cannot demonstrate that the alleged deficiency was so prejudicial to his defense that, but for the deficiency, there is a reasonable probability that the outcome of the trial would have been different. The fact that Roberts talked a lot about AK-47s said nothing about his prior arrests, convictions, or criminal history or about whether he committed the crimes at issue. And our Supreme Court has held that gun ownership and the custom of carrying a gun do not by themselves suggest bad character. See *Davis v. State*, 272 Ga. 327, 329 (2) (528 SE2d 800) (2000). The same is true where the

---

[2] Mere reference to a defendant's nickname does not, in and of itself, place the character of the defendant in issue. See *Burtts v. State*, 269 Ga. 402, 402-403 (2) (499 SE2d 326) (1998); *Gresham v. State*, 265 Ga. 730, 732 (3) (462 SE2d 370) (1995). But, the employee's testimony went further and provided an explanation for how Roberts got his nickname.

testimony at issue reflects more generally that the accused is a gun enthusiast. Accordingly, Roberts cannot show that the introduction of the employee's testimony regarding how he got his nickname prejudiced him, and, as a result, cannot prevail on his ineffective assistance claim. See generally *Watkins v. State*, 289 Ga. 359, 362-363 (3) (b) (711 SE2d 655) (2011); *Johnson*, 281 Ga. at 771-772 (2) (b).

(b) Roberts further contends that his trial counsel was defective in his representation because he did not secure the presence of one of the police officers involved in the case to testify at trial. However,

> where a defendant contends that trial counsel was ineffective in failing to call a witness to testify on his behalf, he must call the witness to testify at the motion for new trial hearing or present some legally acceptable substitute in order to show that, if the witness had testified, there is a reasonable probability the outcome of the trial would have been different.

*Jones v. State*, 290 Ga. 576, 579 (3) (722 SE2d 853) (2012), citing *Dickens v. State*, 280 Ga. 320, 323 (2) (627 SE2d 587) (2006). Roberts offered no competent evidence at the hearing on his motion for new trial as to what the officer's testimony would have been had he taken the stand at trial. Consequently, he cannot establish that there is a reasonable probability that the outcome of trial would have been different if the

officer had testified, and thus cannot show that he received ineffective assistance from his trial counsel. See id.

*Judgment affirmed. Adams and McFadden, JJ., concur.*