**THIRD DIVISION**
**ELLINGTON, P. J.,**
**DILLARD and MCFADDEN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**September 30, 2015**

# In the Court of Appeals of Georgia

A15A1607. WIGGINS v. THE STATE.

ELLINGTON, Presiding Judge.

A Dougherty County jury found Dominique Wiggins guilty of armed robbery, OCGA § 16-8-41 (a); two counts of aggravated assault, OCGA § 16-5-21 (a) (1) (2011); and possession of a firearm during the commission of a felony, OCGA § 16-11-106. Wiggins appeals, contending that the State failed to present sufficient evidence to support the jury's finding of guilt beyond a reasonable doubt. For the reasons which follow, we affirm.

> [O]n an appeal following a conviction, the evidence must be viewed in a light most favorable to the verdict, and appellant no longer enjoys a presumption of innocence; moreover, on appeal this Court determines evidence sufficiency, and does not weigh the evidence or determine witness credibility.

(Citation and punctuation omitted.) *Webb v. State*, 228 Ga. App. 624, 625 (2) (492 S.E.2d 312) (1997); see also *Jackson v. Virginia*, 443 U.S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

So viewed, the evidence shows the following. On December 8, 2011, around 9:00 a.m., Wiggins and another man,[1] both clothed so as to cover their faces, ran into the Havmor store, pointed their handguns at the store clerk, and demanded money along with Newport cigarettes. After being handed approximately $300 and the cigarettes, the two men fled the store. Upon the arrival of the police, the victim identified Wiggins, a daily customer, as one of the robbers. Several months later, when presented with a photographic lineup, the victim, yet again, identified Wiggins. The robbery was recorded by the store's surveillance video, which was published to the jury at trial.

Shortly after Wiggins was initially identified, officers went to Wiggins's residence, where he lived with four other family members, and they were allowed in to search the premises. Although the officers entered to determine whether Wiggins and his accomplice were hiding therein, they noticed clothing, in plain view, that

---

[1] The State indicted Toddrick Mills as the second gunman, and Mills was tried jointly with Wiggins. The jury found Wiggins guilty of all charges but were unable to reach a unanimous verdict as to Mills.

2

matched the description given by the victim. A search warrant was obtained. After a more thorough search of the residence, the officers found two handguns, one black and the other silver and black, later identified by the victim as having been in possession of the robbers, and various items of clothing. They seized clothing including a jacket depicting a lion or tiger across the back. The victim testified that Wiggins wore that jacket during the robbery.

During the investigation, fingerprint evidence was collected from the crime scene. Officers were not able to lift prints from the two handguns recovered from Wiggins's residence. An officer testified that out of the 21 fingerprints recovered from the crime scene, only four were identifiable, none of which were a match for Wiggins.

During trial, Wiggins presented an alibi defense through the testimony of his girlfriend, Shakilla Cleveland. Cleveland testified that she was with Wiggins at her home from 8:00 a.m. until around 10:30 a.m. on the day of the robbery.

The State indicted Wiggins on four counts, charging him with the following offenses: in Count 1, committing armed robbery in that he "did unlawfully take U. S. currency . . . from the person of the [victim] by the use of a certain handgun, an offensive weapon"; in Count 2, committing aggravated assault in that he "did make

3

an assault upon the person of [the victim], with the intent to rob"; in Count 3, committing aggravated assault in that he "did make an assault upon the person of [the victim] with a certain handgun, a deadly weapon"; and in Count 4, committing the offense of possession of a firearm during the commission of a felony in that he "did unlawfully have on his person a certain handgun. . . during the commission of the crime of [a]ggravated [a]ssault[.]" The jury found Wiggins guilty beyond a reasonable doubt on all four counts.

On appeal, Wiggins contends that the evidence presented was insufficient to prove guilt beyond a reasonable doubt.

> [T]he critical inquiry on review of the sufficiency of the evidence to support a criminal conviction must be not simply to determine whether the jury was properly instructed, but to determine whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt. But this inquiry does not require a court to ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt. Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

(Citations, punctuation, and emphasis omitted.) *Jackson v. Virginia*, 443 U. S. 307, 318-319 (III) (B) (1979). Thus, our concern here is whether, applying the foregoing standard, the evidence presented supported Wiggins's convictions.

1. Wiggins contends that the evidence was insufficient to support his convictions because the victim's identification was mistaken. However, the credibility of the victim's identification was a matter to be determined by the jury.[2] As this court has previously held, on appeal "we do not weigh the evidence nor judge the credibility of the witnesses. Further, we do not speculate which evidence the jury chose to believe or disbelieve." (Citation and punctuation omitted.) *Thompson v. State*, 210 Ga. App. 655, 656 (1) (436 SE2d 799) (1993). The evidence shows that, even though Wiggins was covered from head to toe in clothing with only his eyes visible, the victim was able to identify Wiggins, who spoke during the robbery, because Wiggins was a regular customer and the victim had watched Wiggins grow up. Similarly, in *Roberts v. State*, 317 Ga. App. 385, 386-387 (1) (730 SE2d 753) (2012), evidence sufficient to support the appellant's armed robbery conviction included the victim's identification of the appellant, who, although masked during the

---

[2] See OCGA § 24-6-620 ("The credibility of a witness shall be a matter to be determined by the trier of fact, and if the case is being heard by a jury, the court shall give the jury proper instructions as to the credibility of a witness.").

robbery, had been a customer at the victim's stores since the appellant was a child. "Contrary to [Wiggins's] assertion on appeal, the combined evidence set out above was sufficient to authorize a rational jury to find him guilty beyond a reasonable doubt of the charged offenses." (Citation omitted.) Id.

2. Wiggins argues that it was impossible for him to have committed the charged offenses because he was at Cleveland's home at the time of the crime. In support of this argument, Wiggins points to selected language from *Hightower v. State*, 224 Ga. App. 703, 705 (2) (481 SE2d 867) (1997), particularly our statement that "[a]n alibi defense creates a reasonable doubt on behalf of the accused[.]"

To the extent Wiggins suggests that, having presented an alibi defense, he necessarily established reasonable doubt, he is mistaken. As we also explained in *Hightower*, evidence of alibi "is simply evidence in support of a defendant's plea of not guilty, and should be treated merely as evidence tending to disprove one of the essential factors in the case of the prosecution, that is, presence of the defendant at the time and place of the alleged crime." (Citation and punctuation omitted.) Id. at 704-705 (2). Although Cleveland's testimony provided an alibi for Wiggins and so was inconsistent with the testimony of the victim, it was for the jury to assess the credibility of these witnesses. See, e.g., *Newberry v. State*, 182 Ga. App. 857 (1) (357

6

SE2d 309) (1987) (The evidence was sufficient to support the appellant's armed robbery conviction even though the appellant presented evidence of an alibi which was corroborated by two others.).

3. Wiggins further claims that because certain evidence, including items seized from his home, does not prove his guilt beyond a reasonable doubt, such "confirm[s] [the] insufficiency of the evidence." More specifically, Wiggins contends that various items seized from his home, such as red hats not shown to be used in the robbery; a black handgun which, he maintains, was not consistent with the handgun used in the robbery;[3] unremarkable gloves; and a graphic tee shirt, were irrelevant and immaterial to the case. He argues that although Wiggins's DNA was found on a red hat seized from his home, this did not connect him with the robbery inasmuch as the victim testified that the perpetrators had not worn red hats. He points to testimony that the black handgun and the "lion" design jacket seized by the police were not owned by Wiggins, but by Wiggins's brother. And Wiggins shows that there was a lack of fingerprint evidence connecting him to the crime, notwithstanding that officers recovered several prints from the crime scene.

---

[3] Evidence showed that the black handgun used in the robbery was equipped with a laser pointer, but that the black handgun seized from Wiggins's residence was not equipped with a laser pointer.

7

All the same, "as long as there is some evidence, even though contradicted, to support each fact necessary for the state's case, the verdict will be upheld." *Askew v. State*, 248 Ga. App. 230 (1) (546 SE2d 15) (2001). Thus, we need not determine if all of the evidence supported the State's case. Rather, the State presented evidence from which the jury could conclude that Wiggins was one of the two men who took cash from the victim by the use of a handgun. Accordingly, we find that any rational trier of fact could have found Wiggins guilty beyond a reasonable doubt of the crimes for which he was convicted.

*Judgment affirmed. Dillard and McFadden, JJ., concur.*